DUPERON v DUPERON

Docket No. 106865. Submitted October 13, 1988, at Lansing. Decided
February 21, 1989.

Plaintiff, Janet K. Duperon, and defendant, Wilfred Duperon,
were divorced pursuant to an order entered in the Leelanau
Circuit Court in 1982. The parties were granted joint legal and
physical custody of their two minor children and the children
spend alternate months with each. In 1987, plaintiff petitioned
for sole custody. Following a hearing, the trial court, Charles
M. Forster, J., entered an order denying plaintiff's petition.
Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in refusing to consider the
report and recommendation prepared by the Friend of the
Court where both parties had not agreed to admit it into
evidence.

2. The trial court properly determined that a custodial envi-
ronment had been established with both parties, thus requiring
plaintiff to prove by clear and convincing evidence that a
change in custody was warranted.

3. The trial court did, contrary to plaintiff's contention,
consider the children's custodial preference.

4. The trial court properly found that plaintiff failed to carry
her burden of demonstrating that the best interests of the
children truly would be served by awarding her sole custody.

Affirmed.

1. DIVORCE — CHILD CUSTODY — FRIEND OF THE COURT — EVIDENCE.

A written report and recommendation prepared by the Friend of
the Court prior to adjudication of a child custody dispute is not
admissible as evidence unless both parties to the dispute agree
to admit it; the report may be considered by the trial court as
an aid to understanding the issues to be resolved, however, the

REFERENCES

Am Jur 2d, Appeal and Error §§ 772-775, 868; Divorce and Separa-
tion §§ 1003 *et seq.*

See the Index to Annotations under Appeal and Error; Custody and
Support of Children.

court's ultimate findings relative to custody must be based upon competent evidence adduced at the hearing (MCL 552.505[d]; MSA 25.176[5][d]; MCR 3.207[A]).

2. DIVORCE — CHILD CUSTODY — ESTABLISHED CUSTODIAL ENVIRONMENT.

A child's established custodial environment may be found to exist in more than one home for purposes of a child custody dispute (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

3. DIVORCE — CHILD CUSTODY — APPEAL.

The Court of Appeals reviews child custody disputes de novo; the Court will, however, affirm the trial court unless its findings were against the great weight of the evidence, it committed a palpable abuse of discretion, or it committed a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

4. DIVORCE — CHILD CUSTODY — ESTABLISHED CUSTODIAL ENVIRONMENT.

It must be shown by clear and convincing evidence that a change in custody is in the best interests of the child where an established custodial environment exists; absent an established custodial environment, a mere preponderance of the evidence that a change in custody would be in the best interests of the child must be shown (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

*Jeffrey J. McManus, P.C.* (by *Jeffrey J. McManus*), for plaintiff.

*Aylsworth & Aylsworth, P.C.* (by *Glenn Aylsworth*), for defendant.

Before: BEASLEY, P.J., and GILLIS and W. G. SCHMA,* JJ.

BEASLEY, P.J. Plaintiff, Janet Kay Duperon, and defendant, Wilfred Duperon, were divorced in 1982. The parties were granted joint legal and physical custody of their two minor children—the children to spend alternate months with each. In 1987, plaintiff petitioned for sole custody of the

* Circuit judge, sitting on the Court of Appeals by assignment.

children. Following a hearing, the trial court denied plaintiff's petition. Plaintiff appeals as of right.

First, plaintiff contends that the trial court erred in refusing to consider the report and recommendation prepared by the Friend of the Court (FOC). MCL 552.505(d); MSA 25.176(5)(d) requires the FOC to investigate relevant facts and prepare a written report and recommendation prior to adjudication of a custody dispute.[1] The FOC's report and recommendation is not admissible as evidence unless both parties agree to admit it in evidence.[2] However, the report may be considered by the trial court as an aid to understanding the issues to be resolved.[3] The trial court's ultimate findings relative to custody must be based upon competent evidence adduced at the hearing.[4] Thus, while the FOC's report and recommendation may not form the basis for the trial court's findings, it may be used to establish a background and context for the proceedings.

While the trial court may consider the FOC report and recommendation, plaintiff is unable to direct our attention to any legal authority in support of the proposition that it must do so. Plaintiff claims that *Hoffman v Hoffman*[5] dictates the result she seeks. In *Hoffman*, this Court did hold that the trial court erroneously refused to consider a FOC report. However, the basis for that ruling was that the trial court had, due to a mistaken, though understandable, interpretation

[1] See also MCR 3.207(A).

[2] *Bowler v Bowler,* 351 Mich 398, 405; 88 NW2d 505 (1958); *Impullitti v Impullitti,* 163 Mich App 507, 510; 415 NW2d 261 (1987).

[3] *Impullitti, supra* at 510-511; *Jacobs v Jacobs,* 118 Mich App 16, 23-24; 324 NW2d 519 (1982).

[4] *Nichols v Nichols,* 106 Mich App 584, 591; 308 NW2d 291 (1981) (BEASLEY, P.J., concurring).

[5] 119 Mich App 79, 83-84; 326 NW2d 136 (1982).

of the case of *Dempsey v Dempsey*,[6] viewed consideration of the report as prohibited. In *Hoffman*, this Court declined to endorse *Dempsey*'s apparent proscription and found the trial court's refusal to consider the report on the basis of *Dempsey* erroneous. We do not read *Hoffman* as establishing a blanket mandate that the trial court consider FOC reports, and we find no error in the trial court's refusal to consider the report here.

Second, plaintiff contends that the trial court erred in determining that a "custodial environment" had been established with both parties, thus requiring plaintiff to show by clear and convincing evidence that a change in custody was warranted before her petition could be granted.[7] A custodial environment is established if, over an appreciable time, the children naturally look to the parent in that environment for guidance, discipline, the necessities of life and parental comforts.[8] An established custodial environment can exist in more than one home.[9] Our review of child custody cases is de novo.[10] However, under MCL 722.28; MSA 25.312(8), and so as to expedite resolution of custody disputes, we should affirm the trial court unless its findings were against the great weight of the evidence, unless it committed a palpable abuse of discretion, or unless it committed a clear legal error on a major issue.

In the within case, the parties were divorced in 1982, and the trial court ordered joint custody.

---

[6] 96 Mich App 276; 292 NW2d 549 (1980), modified on other grounds 409 Mich 495; 296 NW2d 813 (1980).

[7] Absent an established custodial environment, a mere preponderance of the evidence would have sufficed. *In re Danke,* 169 Mich App 453, 460; 426 NW2d 740 (1988).

[8] MCL 722.27(1)(c); MSA 25.312(7)(1)(c).

[9] See *Nielsen v Nielsen,* 163 Mich App 430, 433-434; 415 NW2d 6 (1987).

[10] *Zuziak v Zuziak,* 169 Mich App 741, 744; 426 NW2d 761 (1988).

Initially, the children remained in the marital home and each parent stayed there in alternating months.[11] The parties agreed in 1984 that the children should move monthly, rather than having the parents do so. An order to that effect was entered by the trial court. For three and one-half years from the entry of that order until the hearing on the instant petition, the children lived with this arrangement. The children have been doing well in school, attend church regularly and their two homes are in close proximity to both their school and to members of their extended families. The trial court found that both parties provided parental guidance, comfort, discipline and the necessities of life. This finding is supported by the record and constitutes neither an abuse of discretion nor a clear legal error.

Third, plaintiff contends that the trial court erred in failing to interview the children concerning their custodial preference. Custody disputes are to be resolved in the child's best interests, as measured by eleven factors set forth in MCL 722.23; MSA 25.312(3).[12] One of these factors is the "reasonable preference of the child."[13] The child's preference, as well as each of the statutorily enumerated factors, must be evaluated and considered when a court decides a custody matter.[14] Although no in camera interview took place, defendant conceded that the children would prefer to be with plaintiff. In ruling on plaintiff's motion, the trial court stated, inter alia, "[t]he only factor in the

---

[11] This Court affirmed this original custody arrangement in a memorandum opinion. *Duperon v Duperon,* Docket No. 67440, decided September 23, 1983.

[12] *Truitt v Truitt,* 172 Mich App 38, 45; 431 NW2d 454 (1988); *Deel v Deel,* 113 Mich App 556, 559; 317 NW2d 685 (1982).

[13] MCL 722.23(i); MSA 25.312(3)(i).

[14] *Truitt, supra; Stringer v Vincent,* 161 Mich App 429, 434; 411 NW2d 474 (1987).

Act that would weigh in favor of the plaintiff would be the preference of the children." Thus, the trial court did consider the children's preference. We find no abuse of discretion on this issue.

Finally, plaintiff contends that the trial court failed to give sufficient weight to the children's custodial preference as adduced in the testimony of a counselor. In ruling on plaintiff's petition, the trial court stated its finding that, generally, and apart from the children's preference, none of the statutory factors appreciably militated in favor of one party over the other and that the children's preference did not "in and of itself . . . rise to the level of clear and convincing [evidence] that would allow a change in the present custody arrangements." Where there is an established custodial environment, the burden is on the moving party to establish by clear and convincing evidence that a change in custody is in the children's best interests.[15] We agree with the trial court's finding that plaintiff failed to carry her burden of demonstrating that the best interests of the children truly would be served by awarding her sole custody. At most, she only established her case by a preponderance of the evidence. As stated by the Michigan Supreme Court in *Baker v Baker:*[16]

> In adopting § 7(c) of the act, the Legislature intended to minimize the prospect of unwarranted and disruptive change of custody orders and to erect a barrier against removal of a child from an "established custodial environment," except in the most compelling cases.

We do not find sufficient grounds to upset the trial court's decision.

Affirmed.

---

[15] *DeGrow v DeGrow,* 112 Mich App 260, 264; 315 NW2d 915 (1982).

[16] 411 Mich 567, 576-577; 309 NW2d 532 (1981); see also *Carson v Carson,* 156 Mich App 291, 301-302; 401 NW2d 632 (1986).