## TREUTLE v TREUTLE

Docket No. 146662. Submitted November 10, 1992, at Lansing.' Decided December 29, 1992, at 9:40 A.M. Leave to appeal denied, 442 Mich 881.

Shawn R. Treutle petitioned the Lapeer Circuit Court for a change of physical custody of her six-year-old son, John Treutle, which had been granted solely to her former husband, Donald J. Treutle, following their divorce. The court, Martin E. Clements, J., denied the petition. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in determining that an established custodial environment existed with the defendant and that the plaintiff failed to present clear and convincing evidence that a change of custody would be in the child's best interest.

2. The trial court did not err in failing to question the child with regard to his preference in terms of custody. The court, in fact, considered such preference as if one had been expressed for the plaintiff, but nevertheless determined that other factors indicated that continuation of custody with the defendant was in the child's best interests.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

A court may not change the established custodial environment of a child unless the party seeking a change of custody presents clear and convincing evidence that a change is in the best interests of the child (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

2. PARENT AND CHILD — CHILD CUSTODY — ESTABLISHED CUSTODIAL ENVIRONMENT.

A court considering a petition for a change of child custody must determine whether an established custodial environment exists; such an environment exists with whomever the child naturally looks to for guidance, discipline, the necessities of life, and

REFERENCES
Am Jur 2d, Infants §§ 44, 45; Parent and Child §§ 25, 26.
See ALR Index under Custody and Support of Children.

parental comfort, considering the child's age and physical environment and the permanence of the relationship between the child and the custodian (MCL 722.27[1][c]; MSA 25.312[7][1] [c]).

3. PARENT AND CHILD — CHILD CUSTODY — CHILD'S PREFERENCE.

A court considering a petition for a change of custody of a six-year-old child need not question the child with respect to the child's preference where the court, in deciding the matter, considers such preference as if it had been expressed in favor of the petitioner, but nevertheless determines that other factors indicate that continuation of custody with the respondent is in the best interests of the child (MCL 722.23[i]; MSA 25.312[3][i]).

*Morrice, Lengemann & Zimmerman, P.C.* (by *John L. Lengemann*), for the plaintiff.

*Gary L. Davis,* for the defendant.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and REILLY, JJ.

REILLY, J. Plaintiff appeals as of right from a circuit court order denying her motion for a change of child custody. We affirm.

The parties were divorced on January 17, 1989. The judgment of divorce provided that defendant would have sole physical custody of the parties' minor child, John, who was born March 22, 1985. Approximately six months after the divorce, plaintiff, who was pregnant with another man's child, moved back in with defendant. She subsequently delivered her second child, Brandon. The parties lived together from June 1989 until May 1991. During this period, plaintiff delivered her third child, Jordan, who was fathered by defendant.

In June 1991, plaintiff filed a petition to change the physical custody of John. A hearing was held on November 6, 1991. At the time of the hearing, plaintiff had custody of Brandon and Jordan and she was married to the father of Brandon.

The trial court denied plaintiff's petition. The court found that the custodial environment was with defendant and, after considering the statutory factors, determined that it was in John's best interests that defendant retain custody. Plaintiff now argues that the trial court's finding regarding the established custodial environment was against the great weight of the evidence. She also argues that the trial court erred in failing to consider the preference of John when considering the best interest factors.

Although this Court's review of custody decisions is de novo, we must affirm the trial court's decision unless the court "made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; MSA 25.312(8); *Mann v Mann,* 190 Mich App 526, 534; 476 NW2d 439 (1991).

I

The Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.,* provides that a court may not change custody so as to change the established custodial environment, unless presented with clear and convincing evidence that a change is in the best interests of the child. MCL 722.27(1)(c); MSA 25.312(7)(1)(c). The burden of establishing clear and convincing evidence that a change of custody is in the best interests of the child is on the party moving for a change of custody. *Mann, supra* at 535.

The first step in deciding a petition for a change of custody is to determine the established custodial environment. *Curless v Curless,* 137 Mich App 673, 676; 357 NW2d 921 (1984).

The custodial environment of a child is estab-

lished if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. [MCL 722.27(1)(c); MSA 25.312(7)(1)(c).]

In determining whether a custodial environment exists, the court's concern is not with the reasons behind the custodial environment, but with the existence of such an environment. *Bowers v Bowers,* 190 Mich App 51, 54; 475 NW2d 394 (1991); *Schwiesow v Schwiesow,* 159 Mich App 548, 557; 406 NW2d 878 (1987).

The testimony during the custody hearing established that from the time of the parties' divorce in January 1989 until June 1989, John remained with defendant father and plaintiff had visitation rights. When defendant was at work, his mother would baby-sit John. Defendant testified that during this period he fed, bathed, and put John to bed. In June 1989, when plaintiff moved back in with defendant, she was not working and assumed the role of primary caregiver. When plaintiff left again in May 1991, John remained with defendant and was cared for by a baby-sitter when defendant was working and John was not in school. Plaintiff had visitation every other weekend. Defendant testified that he was working approximately forty-five hours a week. When plaintiff lived with him he worked longer hours.

On the basis of our review of the record, we cannot say that the trial court clearly erred in finding that the established custodial environment was with defendant. John resided with defendant for his entire life. During the six-month period after the divorce and during the six-month period

after plaintiff left the home the second time, defendant provided for his needs. Although defendant utilized the services of a baby-sitter, John's environment was nevertheless "marked by qualities of security, stability and permanence." *Baker v Baker,* 411 Mich 567, 580; 309 NW2d 532 (1981).

Plaintiff, relying on *Hoke v Hoke,* 162 Mich App 201, 205; 412 NW2d 694 (1987), asserts that because the trial court did not find that the established custodial environment existed with her, it should have found that no established custodial environment existed at all. We disagree. Although plaintiff was the primary caregiver during the limited period when she lived with defendant, it does not appear from the record that she continued this role after she left in May 1991, or that she maintained as active a role in John's parenting as was established in *Hoke.*

II

Next, plaintiff argues that the trial court committed error requiring reversal when it failed to question John, who was six years of age, regarding his preference in terms of custody.

In order to determine the best interests of children in custody cases, the trial court must consider the eleven factors provided in § 3 of the Child Custody Act. MCL 722.23; MSA 25.312(3). The court must consider and explicitly state its findings and conclusions with regard to each factor. *Bowers, supra* at 55.

One of the eleven factors a trial judge must consider is the "reasonable preference of the child, if the court deems the child to be of sufficient age to express preference." MCL 722.23(i); MSA 25.312(3)(i). The child's preference does not automatically outweigh the other factors, but is only

one element evaluated to determine the best interests of the child. *DeGrow v DeGrow,* 112 Mich App 260, 271; 315 NW2d 915 (1982).

In *Bowers, supra,* a panel of this Court determined that the trial court failed to analyze the issue of child custody in accordance with the mandates of MCL 722.23; MSA 25.312(3) when it failed to consider the preferences of a nine-year-old child and a six-year-old child. *Bowers, supra* at 55-56. The Court stated:

> Children of six, and definitely of nine, years of age are old enough to have their preferences given some weight in a custody dispute, especially where there was a prior custody arrangement. The trial court's failure to interview the children was error requiring reversal. *Id.* [Citations omitted.]

See also *Stringer v Vincent,* 161 Mich App 429, 434; 411 NW2d 474 (1987) (the trial court's failure to interview children who were nine and twelve years of age was error requiring reversal).

We conclude that the present case is distinguishable from *Bowers* and *Stringer.* In this case, the trial court considered the factors in § 3 and found that the parties were equal with regard to factors a, b, c, e, f, g, and j. The court found in favor of defendant with regard to factors d and h. With regard to factor i, the court stated that it felt that a six-year-old child was on the "borderline" in terms of being able to express and understand a preference. The court went on to state:

> And if I did wait to talk to the child after the child got out of school and talked to the child when it's convenient, and even if, per chance, he said he would rather live with his mother, brother and half brother, I wouldn't necessarily be surprised by that, because there are kids to play with there.

But whether that would, on a clear and convincing standard change custody: No way. So I don't think it's necessary to talk to the child in any event, even though I think the child is very young.

In this case, the trial court analyzed the best interest factors as if the child had expressed a preference for living with plaintiff. However, the court found that consideration of this factor did not change its evaluation and was not clear and convincing evidence that a change was in the best interests of the child.

The situation in this case is similar to that in *Duperon v Duperon,* 175 Mich App 77; 437 NW2d 318 (1989), where the trial court did not interview the children, but the defendant conceded that the children would prefer to be with the plaintiff. This Court found that the trial court did give consideration to the preferences of the children and that the trial court properly determined that, other than the children's preferences, the best interest factors weighed in favor of the defendant and that the preferences alone were not sufficient to satisfy the clear and convincing evidence standard. *Id.* at 81-82.

Because we conclude that the trial court did consider the preference of the child in plaintiff's favor, but found that this factor, in and of itself, did not serve to satisfy plaintiff's burden, we conclude that the trial court's failure to interview the child does not require reversal.

Affirmed.