# STATE OF MICHIGAN

# COURT OF APPEALS

SHAWN MARIE LONDON,

       Plaintiff-Appellee,

v

DAVID KELLY LONDON,

       Defendant-Appellant.

UNPUBLISHED
October 13, 2015

No. 325710
Oakland Circuit Court
LC No. 2009-764583-DM

Before: BORRELLO, P.J., and JANSEN and OWENS, JJ.

PER CURIAM.

In this child custody matter, defendant, David Kelly London, appeals an order that (1) granted the motion of plaintiff, Shawn Marie London, to change the school district of the parties' minor children (the children), (2) denied defendant's motion to modify the existing parenting time schedule, (3) modified the consent judgement of divorce between the parties pursuant to their stipulation, (4) severed an issue regarding attorney fees to be considered as a "separate proceeding issue," and (5) denied defendant's motion for a stay pending this appeal. We vacate the trial court's order and remand for further proceedings consistent with this opinion.

As a preliminary matter, there is a jurisdictional challenge that must be addressed. Defendant claims the instant appeal as of right. But plaintiff contends that the order appealed does not qualify as a "postjudgment order affecting the custody of a minor" under MCR 7.202(5) and (6)(a)(*iii*). Thus, she argues, defendant cannot claim his appeal as of right. We disagree.

As this Court explained in *Rains v Rains*, 301 Mich App 313, 321-322; 836 NW2d 709 (2013), an order in a domestic relations action need not *change* the custody of a minor to *affect* it. On the contrary, by maintaining the status quo, a denial of a motion regarding custody necessarily affects custody. *Id.* at 323-324; see also *Wardell v Hincka*, 297 Mich App 127, 132-133; 822 NW2d 278 (2012) ("As this Court's long history of treating orders denying motions to change custody as orders appealable by right demonstrates, a decision regarding the custody of a minor is of the utmost importance regardless of whether the decision changes the custody situation or keeps it as is."). The order appealed both granted plaintiff's motion to change the school district of the children and denied defendant's motion for a change in parenting time. The trial court's denial of defendant's motion to modify parenting time implicated the number of overnights and, as such, directly affected where and with whom the children would stay. Thus, it affected custody and is appealable as of right. *Rains*, 301 Mich App at 321-322. Similarly, a

change in school districts, although not a change in custody, would nevertheless seem to *affect* custody. Such a change obviously impacts where the children will attend school. It also affects whether they will attend latchkey, how far they will travel to school, whether they will attend the same school as their stepsiblings, and whether they will attend a school in the community in which they reside most school nights. Further, this Court has a long history of treating orders like the one at issue in this matter as orders appealable as of right. See *Parent v Parent*, 282 Mich App 152, 153; 762 NW2d 553 (2009); *Pierron v Pierron*, 282 Mich App 222; 765 NW2d 345 (2009) (*Pierron I*), aff'd by *Pierron v Pierron*, 486 Mich 81 (2010) (*Pierron II*); and *Lombardo v Lombardo*, 202 Mich App 151, 152; 507 NW2d 788 (1993). Thus, this Court exercises jurisdiction over this matter pursuant to MCR 7.202(5) and (6)(a)(*iii*).

We turn now to the substantive issues presented. Defendant argues that the trial court based its best interests determination on several findings of fact that are contrary to the great weight of the evidence. We agree that the trial court did rely on one finding of fact that is against the great weight of the evidence.

Pursuant to MCL 722.28, a custody order must be affirmed on appeal "unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue." *Pierron I*, 282 Mich App at 242 (citations omitted). Under the great weight of the evidence standard, "the circuit court's findings should be affirmed unless the evidence clearly preponderates in the opposite direction." *Id.* at 242-243. This Court defers to the trial court's credibility determinations. *Id.* at 243.

At the outset, we note that defendant cites scholarly literature to support his argument that was never filed in, or considered by, the trial court. We refuse to consider such literature because it is an impermissible attempt to enlarge the record on appeal. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal."). Furthermore, since such literature is *not* record evidence, it is irrelevant to determining whether the trial court's findings were against to the great weight of such evidence.

Defendant first contends that the trial court, despite uncontroverted testimony to the contrary, found that he and his family did not live in Clarkston. He misunderstands the trial court's findings. It is true that, at one point, the trial judge questioned whether defendant had moved into his new home in Clarkston, but the trial court acknowledged that he might have done so. Further, at another point during the hearing, the trial court explicitly recognized that defendant *was* already living in Clarkston.

Defendant also argues that no evidence supported the trial court's finding that, if the children remained at Pine Knob Elementary School in Clarkston, they "would not be going to school with children from their neighborhood." But defendant's own testimony supported the trial court's finding. He admitted at the second *Lombardo*[1] hearing that his new home was

---

[1] *Lombardo*, 202 Mich App at 151.

assigned to Clarkston's Bailey Lake Elementary School, not Pine Knob Elementary School, which the children had been attending and would continue to attend if they remained in Clarkston schools. The trial court explained that, although his new home was in Clarkston, it was near Bailey Elementary School, "not near Pine Knob[.]" Thus, the trial court correctly acknowledged that defendant's home was not in the same districting "neighborhood" as the Clarkston school in which defendant wanted the children to remain.

Without citing any record evidence to the contrary, defendant further argues that the trial court's determination that it was in the best interests of the children to attend school "with children that live exactly in their neighborhood" was against the great weight of the evidence. But as this Court noted in *Pierron I*, 282 Mich App at 261, "it is certainly in the children's best interests to attend school in the community where they live with their primary physical custodian." Given the fact that it is uncontroverted that the children spend most school overnights at plaintiff's home, and she lives in Oxford, we cannot conclude that the trial court's finding is against to the great weight of the evidence. This is particularly true given the fact that defendant supports his argument to the contrary only by citation to scholarly literature that was not filed in the trial court.

Likewise, defendant's argument that the trial court ignored his involvement in the children's education, and the importance of such involvement, is meritless. On the contrary, the trial court repeatedly praised defendant for his involvement with the children's education, compared it to plaintiff's level of involvement, and recognized defendant's concern that a change in school districts might jeopardize his ability to maintain such involvement.

Both parties raise meritless arguments regarding whether the trial court's determination of their intent, as memorialized in prior consent judgments, was consistent with the record evidence. In this context, such intent is irrelevant. The parties' intent at the time they agreed to a prior custody order has no bearing on what is now in the best interests of the children, particularly after both parents have moved and circumstances have changed. See *Pierron II*, 486 Mich at 91 ("[E]valuating best-interest factors that are irrelevant to the particular issue before the court distracts from the proper focus of the proceeding and poses the risk that one parent's preference will prevail even though that preference is not in the best interests of the child."); see also *Lombardo*, 202 Mich App at 159-160 (explaining that the best interests determination is the controlling determination in custody disputes, including "disputes concerning important decisions affecting the welfare of the child that arise between joint custodial parents.") (quotation marks and citation omitted). Indeed, "[p]arties to a divorce judgment cannot by agreement usurp the court's authority to determine suitable provisions for the child's best interest." *Lombardo*, 202 Mich App at 160. Thus, the parties' intent is irrelevant.

Defendant is correct that the trial court stated one factual finding that is against the great weight of the evidence. The trial court stated that, if they transferred to Oxford, the children would attend school with their "stepsisters"—ostensibly referring to the children of plaintiff's new husband, Jeffrey Brown—which contradicts the testimony of both plaintiff and Brown that he has *one* daughter who would attend Daniel Axford Elementary School with the parties' children in Oxford. The evidence clearly preponderates against the trial court's finding—it is undisputed that Brown has only one daughter. It is possible that the trial judge simply misspoke. Indeed, such an explanation seems likely given the fact that, at the same hearing, the judge

correctly recalled that plaintiff (1) had *a* stepdaughter, (2) who is "just a few months older than" the parties' children, (3) and remembered that stepdaughter's name. Ultimately, however, it is unclear from the record whether the trial court mistakenly believed that the children would attend their new elementary school in Oxford with more than one stepsibling.

In a custody case, "upon a finding of error, appellate courts should remand to the trial court *unless the error was harmless.*" *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994) (emphasis added; citation omitted). Given the trial court's repeated acknowledgment that the best interests determination was a "close one" and a "hard decision," we cannot conclude that this error was harmless. Indeed, the trial court based its ultimate custodial decision on just a few factual findings, twice citing the fact that the children would attend school with their "stepsisters." Accordingly, this factual finding might have influenced the trial court's ultimate custodial decision.

Defendant next argues that the trial court erred by refusing to consider two of the statutorily defined best interests factors. We agree that the trial court clearly erred on a major legal issue by failing to consider the reasonable preference of the minor children.

By incorrectly choosing, interpreting, or applying the law, a trial court commits legal error. *Id.*, citing *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003). The applicable burden of proof, and determination of which party bears it, are legal questions reviewed de novo. *Pierron I*, 282 Mich App at 243. Likewise, statutory interpretation poses a question of law that this Court reviews de novo. *Id.*

Joint legal custodians must agree regarding important decisions in a child's life—including school choice—and, when they cannot, the court must hold a *Lombardo* evidentiary hearing to fulfill its duty of determining what is in the child's best interests. *Pierron I*, 282 Mich App at 246-247. As discussed by our Supreme Court in *Pierron II*:

> [T]he trial court must first determine whether the proposed change would modify the established custodial environment of that child. In making this determination, it is the child's standpoint, rather than that of the parents, that is controlling. If the proposed change would modify the established custodial environment of the child, then the burden is on the parent proposing the change to establish, by clear and convincing evidence, that the change is in the child's best interests. Under such circumstances, the trial court must consider all the best-interest factors [enumerated at MCL 722.23] because a case in which the proposed change would modify the custodial environment is essentially a change-of-custody case. On the other hand, if the proposed change would not modify the established custodial environment of the child, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests. In addition, under those circumstances, although the trial court must determine whether each of the best-interest factors applies, if a factor does not apply, the trial court need not address it any further. In other words, if a particular best-interest factor is irrelevant to the question at hand, i.e., whether the proposed change is in the best interests of the child, the trial court need not say anything other than that the factor is irrelevant. [*Pierron II*, 486 Mich at 92-93.]

A trial court's decision alters the established custodial environment if it will change "whom the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort[.]" *Id.* at 86.

The trial court found that the children had an established custodial environment with both parents and concluded that the change in school districts was a normal life event that would not alter the custodial environment. The parties do not contest that conclusion. Given the short distance between Oxford and Clarkston, the trial court's conclusion was sound. See *id.* (holding that a change of school districts from Grosse Pointe to Howell, which was 60 miles distant, would not alter the established custodial environment of the children involved). Accordingly, as the party seeking to change the children's school district, plaintiff bore the burden of proving, by a preponderance of the evidence, that the change was in the best interests of the children. *Id.* at 92-93.

Defendant argues that the trial court did not consider best interest factors h and i, which MCL 722.23 sets forth respectively:

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

Regarding the former factor, defendant is incorrect. Although the trial court only considered the home, school, and community record of the children briefly, it *did* consider it:

So the idea is that the kids are in kindergarten, right? So it's not like—you know, so they haven't been anywhere for an appreciable period of time in any school or school district.

[Plaintiff interjects, explaining that the children were then in first grade.]

First grade, okay. But, you know, they're pretty young, and they don't have—it's not like they've been in these—any—they haven't been in Pine Knob [Elementary School] for a super-long period of time either. They're too young to express preference, and this is their second year at Clarkston. But, you know, do they have a lengthy school record? I would say no for Factor h.

Since the change in school districts would not alter the children's custodial environment, the trial court was free to disregard factor h so long as it considered the factor and stated, on the record, that it was not pertinent to the question at hand. *Pierron II*, 486 Mich at 92-93. Ordinarily, of course, a child's home, school, and community record would seem to be highly relevant in a change-of-school situation. But given the fact that the children were seven years old, and only in first grade, the trial court was free to determine that, under the circumstances, factor h was not relevant to determining which school district the children should attend.

Conversely, both this Court's opinion in *Pierron I*, and our Supreme Court's affirming opinion in *Pierron II*, demonstrate that the trial court committed clear legal error on a major issue by failing to consider the children's preference or whether they were capable of expressing

-5-

a reasonable preference. Plaintiff attempts to factually distinguish *Pierron*. She argues that the children in *Pierron* were "significantly" older than the seven-year-old children involved here. Although one of the children in *Pierron* was 13 years old at the time of the *Lombardo* hearing in that case, the other child was just eight years old. *Pierron I*, 282 Mich App at 258. Thus, the children in this case are actually very close in age to the younger child in *Pierron*.

Plaintiff also attempts to distinguish the authority, including *Bowers v Bowers*, 190 Mich App 51, 55-56; 475 NW2d 394 (1991), that defendant cites to support his argument that the children were of a sufficient age to express a preference regarding what school they wanted to attend. *Bowers* held that "[c]hildren of six, and definitely of nine, years of age are old enough to have their preferences given some weight in a custody dispute . . . ." *Id.* Plaintiff argues that *Bowers* is inapposite because it involved a motion to change custody, not schools. Plaintiff fails to recognize that *Pierron I* cited *Bowers* in this same context, recognized the factual disparity, and nevertheless found the *Bowers* holding applicable:

> At the time of the *Lombardo* hearing, Andrew was 13 years old and Madeline was 8 years old. [They] were consequently "of sufficient age to express preference" within the meaning of MCL 722.23(*i*). *Bowers v Bowers*, 190 Mich App 51, 56; 475 NW2d 394 (1991) (holding that a six-year-old child is old enough to have his preference given some weight under factor *i*).[7]

---

[7] We recognize that *Treutle* [*v Treutle*, 197 Mich App 690; 495 NW2d 836 (1992)] and *Bowers* both involved full change-of-custody hearings. But we perceive no reason why the law concerning factor i should be applied any differently in the context of *Lombardo* hearings than in the context of full change-of-custody hearings. [*Pierron I*, 282 Mich App at 258.]

Plaintiff further attempts to distinguish *Pierron* by arguing that, while there was evidence regarding the preference of the children in that case, *id.* at 259-260, in the instant matter, the trial court was presented with no evidence from which it could have determined if the children's preferences were reasonable. Since the children were not interviewed as part of the *Lombardo* hearings, plaintiff is correct that there was a lack of evidence about the children's preferences. While the parties spoke extensively about their own preferences, they provided little insight regarding what the children wanted.

But plaintiff's argument is self-defeating. She is correct that it was not the trial court's duty to seek out evidence regarding the children's best interests—as the moving party, the burden of production was hers. *Pierron II*, 486 Mich at 92-93. To prevail, she was required to prove, by a preponderance of the evidence, that it was in the best interests of the children to change schools, *id.*, and it was her duty to present sufficient evidence to permit the trial court to consider the preferences of the children and to decide whether their preferences were reasonable, *Pierron I*, 282 Mich App at 258-259 (holding that a trial court " '*must* consider' " the child's preference if the child is of sufficient age to express one and, if the stated preference is reasonable—not "arbitrary or inherently indefensible"—the court is required to consider it when ruling) (quoting *Treutle*, 197 Mich App at 694). Since plaintiff failed to produce such evidence, the trial court was precluded from considering the children's preferences or how reasonable

those preferences were. By nevertheless granting plaintiff's motion to change school districts, the trial court clearly erred on a major legal issue. See *Pierron II*, 486 Mich at 92 (holding that failure to consider the reasonable preference of the children before ordering a change of school districts is clear error on a major legal issue).

Finally, defendant contends that the trial court applied an incorrect legal standard to his motion to change parenting time. We disagree.

"Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Pickering v Pickering*, 268 Mich App 1, 5; 706 NW2d 835 (2005) (citing MCL 722.28; additional citation omitted). A trial court commits legal error where it incorrectly chooses, interprets, or applies the law. *Pierron I*, 282 Mich App at 243, citing *Vodvarka*, 259 Mich App at 507-508. The applicable burden of proof is a legal questions reviewed de novo. *Pierron I*, 282 Mich App at 243.

A change of parenting time is a child-custody determination. *Shade v Wright*, 291 Mich App 17, 22; 805 NW2d 1 (2010) (citing MCL 722.1102(c)). Thus, parenting time may be modified only if the moving party demonstrates that modification is justified by proper cause or because of a change of circumstances. *Id.* at 22-23 (citations omitted). If the requested modification would alter the child's established custodial environment, the stricter *Vodvarka* framework, which applies to motions to change custody, is applicable. *Id.* at 25-26. But "a more expansive definition of 'proper cause' or 'change of circumstances' is appropriate for determinations regarding parenting time when a modification in parenting time does not alter the established custodial environment." *Id.* at 28. In such situations, "normal life changes" that would not be a change of circumstances under *Vodvarka* are nevertheless sufficient to permit a trial court to modify parenting time. *Id.* at 30-31.

Defendant claims the trial court applied the stricter *Vodvarka* framework when the more permissive standard described by *Shade* was applicable. But the trial court explicitly referenced *Shade* and explained that, since the change in school districts did not represent a change in custody, modification of the existing parenting time order was justified without "a material change in circumstance or proper cause[.]" Nevertheless, the trial court concluded that "there's no change that would necessitate a change in parenting time." Thus, contrary to defendant's argument, the trial court applied the permissive standard from *Shade*.

Defendant also argues that, under the *Shade* standard, the change in school districts was a change of circumstances that necessitated a change of parenting time. He seemingly argues that the change of school districts supported his request that the trial court afford him two additional overnights each month. Such a change would seemingly constitute a custody change that would fall under the *Vodvarka* standard. More importantly, since defendant provides no explanation of *how* the change of school districts necessitated a change in the number of overnights, he has abandoned this portion of his argument. See *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority."). Finally, given the fact that the change of school districts moved the children further from defendant's home and out of his

community's schools, the trial court's conclusion seems altogether reasonable. The change of schools provides no apparent support for defendant's requested alteration to parenting time.

Aside from the change in overnights he sought in the trial court, defendant also seems to suggest that the change in school districts required the sort of minor changes to parenting time envisioned by *Shade*. But he again fails to explain why the new school situation would require changing the existing parenting time order or how that order would have to be altered; thus, he has abandoned this portion of his argument. See *id.* In any event, given the undisputed fact that the children spend most school overnights with plaintiff, in the community where their new school is located, defendant's argument lacks merit.

To the extent it ordered a change of school districts, we vacate the trial court's order and remand for further proceedings to determine what best serves the interests of the minor children. "On remand, the court should consider up-to-date information in its determination of the choice-of-school issue, including, but not necessarily limited to, the current and reasonable preferences of the minor children and any other changes that may have arisen in the interim period." *Pierron I*, 282 Mich App at 262. Since any further change of school districts may implicate additional custody or parenting time issues, see *id.* at 262-264, the children should remain enrolled in their current school district pending further order of the trial court. Notably, the trial court has discretion on remand to interview the children about their preferences in camera, and it need not disclose their stated preferences on the record. MCR 3.210(C)(5); *Surman v Surman*, 277 Mich App 287, 297; 745 NW2d 802 (2007). However, it must state whether the children's preferences were considered and whether those preferences were reasonable. See *Pierron I*, 282 Mich App at 258-259. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Donald S. Owens