# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN S. UNDERHILL,

Plaintiff-Appellee,

v

JOHN H. UNDERHILL,

Defendant-Appellant.

UNPUBLISHED
November 1, 2016

No. 331897
Chippewa Circuit Court
LC No. 12-012202-DS

Before: MARKEY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, John H. Underhill, acting *in propria persona*, appeals by right the trial court's order granting plaintiff Karen Underhill's motion for change of custody and change of domicile, and thereby awarding plaintiff sole legal and physical custody of their minor child and establishing the child's legal residence in Ann Arbor, Michigan. We affirm.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

The custody of the parties' child has been a point of contention between the parties since shortly after the child's birth in 2004. In November 2009, following a custody hearing, the trial court awarded the parties joint legal and physical custody of the child with defendant to have primary physical custody during the school year and plaintiff to have primary physical custody during the summer.

In early 2014, plaintiff moved for change of custody and change of domicile. Plaintiff alleged that a material change in conditions had occurred since entry of the 2009 custody order, and that the changes had adversely affected the child. The motion alleged that defendant had a substance abuse problem, that he had driven his vehicle under the influence of controlled substances while the child was a passenger, that the child was afraid of defendant, that the child had met with representatives of Child Protective Services (CPS), that defendant had shown the child a firearm, that defendant had refused a request from CPS to have the child evaluated, and that defendant had refused to allow CPS to come to his home to monitor the child's safety. Plaintiff also alleged that she had been offered employment at the University of Michigan Hospital in Ann Arbor and sought to change the child's domicile from Sault Ste. Marie to Ann Arbor.

-1-

The hearing on plaintiff's motion began on August 28, 2014, and continued through August 29, 2014. At the end of the second day of testimony, the parties and the trial court determined that at least two more days would be needed to complete the hearing. In light of that conclusion, the trial court made the following statement:

> Unfortunately we're in a tough spot because the school year starts and [the child's] gonna start school somewhere. She may have to move at the completion of this hearing from one school district to the next. That may be unavoidable. In any event I'd like to keep the uncertainty in her life at a minimum as best we can. And again, another future move in the school year may be just unavoidable.

> But based on the last two days of testimony I'd say [the child] is going to her mom's for an extended parenting time starting Sunday at noon. Mom can pick her up. That means she could start school down State. Hopefully we'll complete this hearing within the next two to three weeks.

Following two more days of testimony, on October 14, 2014, and October 22, 2014, the trial court indicated that it did not feel comfortable making a decision on the motion to change custody without a psychological evaluation of the child. The trial court adjourned the proceedings pending the completion of an evaluation.

Defendant filed a motion to disqualify the trial court, relying on the fact that he had filed a federal action against the court and CPS workers, alleging due process violations.[1] Following a hearing on January 26, 2015, the trial court denied the motion. The court noted that the custody hearing had not concluded because a psychological evaluation had not been completed; nevertheless, the court stated that it would place its present assessment of the best-interest factors on the record (*Id*. at 18).[2] The court found that factors (a) and (i) favored plaintiff, that factors

---

[1] *Underhill v Royer*, LC No. 14-CV-14768. The court dismissed the action in an order entered on May 19, 2015.

[2] The factors are set out in MCL 722.23, which provides:

> As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

> (a) The love, affection, and other emotional ties existing between the parties involved and the child.

> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d), (h), and (j) favored defendant, that factors (b), (c), (e), (f), (g), and (l) were equal, and that factor (k) was not applicable. In addition, the trial court found that at the time of the hearing, an established custodial environment existed with both parents. The trial court stated that it would not rule on the motion for change of custody until the psychological evaluation of the child was completed.

The next significant hearing did not occur until January 7, 2016. Dr. Joshua Erhlich, a clinical psychologist and defendant's witness, testified that the child's relationship with defendant was strained; the child stated that she was fearful of defendant, and she did not want to ride in a vehicle with him. Dr. Erhlich indicated that both parents had contributed to the child's strained relationship with defendant. Dr. Erhlich concluded that unsupervised parenting time for defendant would not be beneficial at that point, and that the presence of a therapist during parenting time would assist both defendant and the child in developing a better relationship. Dr. Erhlich opined that the parties were so estranged that they could not have effective joint legal custody of the child, and he recommended that plaintiff have primary physical custody.

The trial court found that an established custodial environment now existed only with plaintiff because the child had had very limited contact with defendant since August 2014. The court reevaluated the best-interest factors in MCL 722.23 and found that factors (d), (g), and (l)

> (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
>
> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
>
> (f) The moral fitness of the parties involved.
>
> (g) The mental and physical health of the parties involved.
>
> (h)The home, school, and community record of the child.
>
> (i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.
>
> (j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent.
>
> (k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.
>
> (l) Any other factor considered by the court to be relevant to a particular child custody dispute.

now favored plaintiff, that factor (h) was now not applicable, and that the remaining factors were the same as they were in January 2015. The court awarded plaintiff full legal and physical custody of the child.

The trial court also granted plaintiff's motion to change the child's domicile. The court considered the factors set out in MCL 722.31,[3] and found that: (a) the move had the capacity to

---

[3] MCL 722.31 provides, in relevant part:

(1) A child whose parental custody is governed by court order has, for purposes of this section, a legal residence with each parent. Except as otherwise provided in this section, a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued.

* * *

(4) Before permitting a legal residence change otherwise restricted by subsection (1), the court shall consider each of the following factors, with the child as the primary focus in the court's deliberations:

(a) Whether the legal residence change has the capacity to improve the quality of life for both the child and the relocating parent.

(b) The degree to which each parent has complied with, and utilized his or her time under, a court order governing parenting time with the child, and whether the parent's plan to change the child's legal residence is inspired by that parent's desire to defeat or frustrate the parenting time schedule.

(c) The degree to which the court is satisfied that, if the court permits the legal residence change, it is possible to order a modification of the parenting time schedule and other arrangements governing the child's schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent; and whether each parent is likely to comply with the modification.

(d) The extent to which the parent opposing the legal residence change is motivated by a desire to secure a financial advantage with respect to a support obligation.

(e) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

The party seeking a change of domicile must establish by a preponderance of the evidence that a change is warranted. *McKimmy v Melling*, 291 Mich App 577, 582; 805 NW2d 615 (2011).

improve the lives of the child and plaintiff based on plaintiff's employment, (b) the move was not done to defeat or frustrate defendant's parenting time, (c) the move made defendant's exercise of parenting time more difficult, and factors (d) and (e) were not applicable. The trial court found that defendant's parenting time with the child had to be therapeutic and supervised, and deferred to Dr. Erhlich to structure the parenting time sessions to meet those requirements.

## II. STANDARD OF REVIEW

We must affirm a custody order unless the trial court findings are against the great weight of the evidence, the trial court committed a palpable abuse of discretion, or the trial court made a clear legal error on a major issue. MCL 722.28; *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). The great weight standard applies to all findings of fact and requires affirmance of the trial court's findings unless the evidence clearly preponderates in the opposite direction. *Mitchell v Mitchell*, 296 Mich App 513, 519; 823 NW2d 153 (2012). The abuse of discretion applies to discretionary rulings, including the party to whom custody is granted. A ruling constitutes an abuse of discretion when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. *Id*. at 522. A question of law is reviewed for clear legal error. A trial court commits legal error when it incorrectly chooses, interprets, or applies the law. *Sturgis v Sturgis*, 302 Mich App 706, 710; 840 NW2d 408 (2013).

## III. ANALYSIS OF DEFENDANT'S ISSUES ON APPEAL

On appeal, defendant argues that the trial court erred by essentially granting plaintiff's motion to change custody and domicile before the conclusion of the custody hearing and by failing to enter a decision within 28 days. Defendant failed to raise either of these arguments before the trial court. Accordingly, we review defendant's unpreserved arguments for plain error affecting defendant's substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2003).

A custody dispute is to be resolved in the child's best interest as measured by the factors set out in MCL 722.23. *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001). The court must consider and state its findings as to each factor, *Rittershaus v Rittershaus*, 273 Mich App 462, 475; 730 NW2d 262 (2007), but need not give equal weight to each factor if the circumstances do not warrant it. *Sinicropi v Mazurek*, 273 Mich App 149, 184; 729 NW2d 256 (2006).

A custody award may be modified upon a showing of proper cause or a change of circumstances that establishes that a change would be in the best interests of the child. MCL 722.27(1)(c); *In re AP*, 283 Mich App 574, 600; 770 NW2d 403 (2009). The party seeking the

---

After a trial court grants a change of domicile, it must determine if the change will result in a change in the established custodial environment. If so, the trial court must determine if the parent requesting the change of domicile can prove by clear and convincing evidence that the change would be in the child's best interests. *Gagnon v Glowacki*, 295 Mich App 557, 570; 815 NW2d 141 (2012).

change of custody must show proper cause or a change of circumstances before the court may consider the existence of an established custodial environment or the best-interest factors. *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509; 675 NW2d 847 (2003). A showing of proper cause requires the establishment of appropriate grounds that have or could have a significant impact on the child's life such that custody should be reevaluated. *Id*. at 511. A change of circumstances exists when conditions pertaining to custody have been altered, and the change has had or could have a significant impact on the child's well-being. *Id*. at 513.

The court must hold an evidentiary hearing before custody may be changed. *Schlender v Schlender*, 235 Mich App 230, 233; 596 NW2d 643 (1999). However, a situation might arise in which an immediate change of custody is compelled in order to protect a child's best interests pending a full evidentiary hearing on a motion to change custody. A trial court may make such a determination only after considering admissible evidence. *Mann v Mann*, 190 Mich App 526, 533; 476 NW2d 439 (1991).

Defendant argues that the trial court's decision at the end of the second day of the custody hearing to extend plaintiff's parenting time was essentially an improper change of custody made before the conclusion of the hearing on plaintiff's motion to change custody. We conclude that defendant's characterization of the trial court's decision is incorrect. At the end of the second day of the custody hearing, which occurred on a Friday, the parties indicated that at least two more days would be required to complete the hearing. Plaintiff's parenting time was scheduled to begin over the weekend; however, the trial court concluded, based on the evidence that at times defendant was affected by the prescription medicine he took for his back problem, that the child was afraid of defendant and was especially fearful of riding in a vehicle he was driving, that plaintiff's about to begin parenting time should be extended. The court made no mention of a change of custody, stated that it hoped to conclude the hearing within two to three weeks, and, in fact, said that after the hearing was concluded, it was possible that the child would have to change schools. As noted, a trial court can make an immediate change of custody before holding a full evidentiary hearing if the change is necessary to protect the child's best interests. *Mann*, 190 Mich App at 533. In this case, the trial court did not change custody: it simply extended plaintiff's parenting time with the express intent of finishing the hearing within a reasonable time. From our review of the record, it appears the court did not anticipate that the custody hearing would be prolonged to such an extent that the established custodial environment would change. The evidence did show, however, that defendant's difficulty with prescription medication and the child's fear of being in defendant's presence under the circumstances constituted proper cause to immediately modify plaintiff's parenting time. See *Shade v Wright*, 291 Mich App 17, 28-31; 805 NW2d 1 (2010) (a more expansive definition of proper cause or change of circumstances applies to determinations regarding parenting time that do not result in a change of custody). The trial court's decision was within the proper confines of the law and was not plainly erroneous.

We reject defendant's argument that the trial court violated MCR 3.210(C)(3) by failing to enter a written decision within 28 days following the second day of the custody hearing. The rules of statutory interpretation apply to court rules. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). We review de novo the interpretation of statutes. *Sinicropi*, 273 Mich App at 155. Accordingly, the same standard of review applies to the interpretation of court rules.

MCR 3.210(C)(3) requires a court to enter a decision within 28 days after a custody hearing. Defendant argues that the trial court violated this rule by failing to enter a decision within 28 days after the hearing on August 29, 2014. We disagree. The custody hearing did not conclude after the proceedings ended on August 29, 2014. The parties and the trial court determined that at least two additional days would be needed to complete the hearing. The trial court extended plaintiff's parenting time, which was scheduled to begin on Sunday, because the hearing was not complete, and the school year was scheduled to start in a few days. The trial court did not grant plaintiff's motion for change of custody and domicile on August 29, 2014. Thus, no decision was necessary within 28 days after August 29, 2014. Moreover, defendant's assertion that a decision issued pursuant to MCR 3.210(C)(3) must be in writing is not supported by the language of the rule or by any other authority.

Next, defendant argues that the trial court erred by prematurely granting plaintiff's motion to change the child's domicile before the conclusion of the custody hearing and without considering the factors set out in MCL 722.31. We disagree. Generally, we review for an abuse of discretion a trial court's decision on a petition to change a child's domicile, and we review the trial court's findings of fact under the great weight standard. *Gagnon v Glowacki*, 295 Mich App 557, 565; 815 NW2d 141 (2012). However, defendant did not raise this issue below, so our review is for plain error affecting defendant's substantial rights. *Rivette*, 278 Mich App at 328.

Plaintiff moved to change the child's custody to her and to also change the child's domicile from Sault Ste. Marie to Ann Arbor. More than 100 miles separates those cities, so the provisions of MCL 722.31(1) and (4) apply. Defendant argues that after the second day of the custody hearing, the trial court essentially granted plaintiff's motion for change of domicile without considering the factors set out in MCL 722.31(4). We again disagree.

Just as the trial court's decision to extend plaintiff's parenting time did not constitute a grant of the motion to change custody, it also did not constitute a grant of the motion to change the child's domicile. The trial court considered the factors set out in MCL 722.31(4) at the hearing on January 7, 2016, and found that the evidence warranted the change. Defendant does not acknowledge this fact and challenges the substance of the trial court's ruling only to the extent that he states (without substantiation) that plaintiff could have found a nursing position in the area. Defendant's failure to properly argue the merits of the trial court's ruling constitutes an abandonment of the issue. *Eldred*, 246 Mich App at 154.

Next, defendant argues that the trial court violated MCL 722.633(3) when it accepted and considered several pages from confidential records kept by the Department of Health and Human Services (DHHS) that were attached to plaintiff's ex-parte motion for an expedited trial date, and also violated the Michigan Code of Judicial Conduct by failing to report plaintiff's counsel to the Michigan Attorney Grievance Commission for violating MCL 722.633(3) by disseminating the confidential DHHS material. We disagree with both arguments.

The Child Protection Law, MCL 722.621 *et seq.*, sets out procedures for conducting investigations related to allegations of abuse or neglect of a child. Information acquired in the course of such an investigation is confidential.

MCL 722.633(3) provides:

Except as provided in section 7, a person who disseminates, or who permits or encourages the dissemination of, information contained in the central registry and in reports and records made as provided in this act is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $100.00, or both, and is civilly liable for the damages proximately caused by the dissemination.

Canon 3B(3) of the Michigan Code of Judicial Conduct provides:

A judge should take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware.

We find no merit to defendant's arguments that the trial court violated MCL 722.633(3) by accepting, receiving, and considering confidential information from the CPS file, or that the trial court had a duty to report plaintiff's counsel to the Michigan Attorney Grievance Commission because counsel attached the confidential material, i.e., excerpts from the DHHS file, to plaintiff's motion to expedite the hearing on the motion to change custody. It is undisputed that when defendant took the deposition of a CPS supervisor before the hearing on plaintiff's motion to change custody. In doing so, defendant signed a release, thereby waiving his privilege related to the contents of the DHHS file. See *Roberts v Mecosta Co Hosp*, 466 Mich 57, 64 n 4; 642 NW2d 663 (2002) (waiver is a voluntary and intentional abandonment of a known right). Defendant never objected at the hearing to the attachment of the documents to plaintiff's brief seeking an expedited hearing. Thus, defendant waived his privilege before the hearing. Defendant fails to identify any authority that would allow him to reassert the privilege and, in any event, never attempted to reassert any privilege before the hearing. Accordingly, there was no violation of MCL 722.633(3), and the trial court had no reason to report plaintiff's counsel to the Michigan Attorney Grievance Commission.

Next, defendant argues that the trial court erred by improperly delegating parenting time issues to a private party, i.e., Dr. Erhlich. Again, defendant did not raise this issue in the trial court, thereby limiting our review to plain error affecting defendant's substantial rights. *Rivette*, 278 Mich App at 328.

MCL 722.24(1) provides:

In all actions involving dispute of a minor child's custody, the court shall declare the child's inherent interests and establish the rights and duties as to the child's custody, support, and parenting time in accordance with this act.

The trial court has the authority under the Child Custody Act to determine custody in a custody dispute, and the parties cannot limit the trial court's authority to review determinations made by an arbitrator or the Friend of the Court. *Harvey v Harvey*, 470 Mich 186, 193-194; 680 NW2d 835 (2004).

We disagree that the trial court improperly delegated its authority to decide issues of parenting time by leaving decisions regarding the circumstances under which defendant could exercise his parenting time to Dr. Erhlich. The trial court ordered that defendant be granted

-8-

parenting time, but accepted Dr. Erhlich's recommendation that the parenting time be guided by a therapist. The trial court did not improperly delegate a determination of parenting time to Dr. Erhlich, but only left the details for structuring defendant's therapeutic parenting time to a specialist in that area. Moreover, the trial court in no way relinquished its authority to oversee the parenting time and to make any adjustments it found to be necessary. The trial court's decision did not violate the Child Custody Act. No plain error occurred.

Finally, defendant argues that the trial court erred by finding that an established custodial environment existed with plaintiff because the trial court improperly changed the environment when it changed custody in the middle of the custody hearing. We disagree. Whether an established custodial relationship exists is a question of fact. *Brausch v Brausch*, 283 Mich App 339, 356 n 7; 770 NW2d 77 (2009). The great weight standard applies to all findings of fact. *Mitchell*, 296 Mich App at 519.

MCL 722.27(1)(c) provides, pertinent in part:

The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

In *Berger v Berger*, 277 Mich App 700, 706; 747 NW2d 336 (2008), this Court stated:

An established custodial environment is one of significant duration in which a parent provides care, discipline, love, guidance, and attention that is appropriate to the age and individual needs of the child. It is both a physical and a psychological environment that fosters a relationship between custodian and child and is marked by security, stability, and permanence.

An established custodial environment can be established by a custody order, by a temporary custody order, in the absence of a custody order, or in violation of a custody order. *Id.* at 707. As a general rule, a trial court is concerned with whether a custodial environment exists and not the circumstances under which the custodial environment was established. *Treutle v Treutle*, 197 Mich App 690, 693; 495 NW2d 836 (1992).

At the hearing on January 7, 2016, the trial court found that the child had an established custodial environment with plaintiff, whereas at the beginning of the proceedings, the established custodial environment was with defendant. Defendant argues that the trial court's improper change of custody after the second day of the custody hearing on August 29, 2014, led to its decision in January 2016 that the established custodial environment was with plaintiff. Defendant asserts that the mere passage of time could not change the established custodial environment.

As previously indicated, the trial court did not change custody when it extended plaintiff's parenting time after the second day of the custody hearing. The trial court stated its hope that the custody hearing could be completed within two or three weeks, but for various reasons the hearing was not completed for more than a year. And, indeed, the trial court based

its finding that the established custodial environment was now with plaintiff as the child had been solely with her for such an extended time. Plaintiff testified that during the interim period, the child had come to look to her for love, guidance, comfort, and the necessities of life. These are the characteristics of an established custodial environment. MCL 722.27(1). Plaintiff also testified that the child continued to fear defendant and refused to visit with him. The trial court's finding that the change in the child's living arrangements, although originally meant to be temporary, resulted in a change of the established custodial environment to plaintiff is not against the great weight of the evidence. *Mitchell*, 296 Mich App at 519.

We affirm.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Amy Ronayne Krause