### ELDRED v ZINY

Docket No. 229230. Submitted March 6, 2001, at Grand Rapids. Decided
May 22, 2001, at 9:00 A.M.

The Barry County Prosecuting Attorney initiated a support action in
the Barry Circuit Court against Stanley Ziny with regard to Harley
Ziny, his daughter. Stanley Ziny never lived with or married the
child's mother, Angela Schantz, but Angela and Stanley signed an
acknowledgment of parentage. The court, James H. Fisher, J.,
entered an order directing Stanley to provide weekly support and
maintenance payments. When Angela died as a result of an automo-
bile accident, the child stayed primarily with Stanley, but also regu-
larly stayed with her maternal grandparents. The maternal grand-
mother, Colleen Eldred, was granted intervenor status in the pros-
ecutor's support action and also filed a third-party petition for
custody of the child. The circuit court entered an order granting
Stanley and Colleen joint legal custody and transferring physical
custody to Colleen. Stanley's motion to dismiss that order was
denied. Following a hearing, the court found Stanley unfit to pro-
vide proper care and custody and issued a written opinion and
order granting sole legal and physical custody of the child to Col-
leen. Stanley appealed by leave granted.

The Court of Appeals *held*:

1. The court did not err in finding that the maternal grandmother
had standing to maintain a third-party action for custody pursuant
to the Child Custody Act, MCL 722.21 *et seq.* The grandmother
established standing to seek custody under MCL 722.26c(1)(b).

2. The Child Custody Act and the Acknowledgment of Parentage
Act, MCL 722.1001 *et seq.*, do not conflict with regard to the estab-
lishment of a father's custody rights. The Child Custody Act is the
exclusive means of pursuing child custody rights and controls the
custodial issue in this matter.

3. The court properly found that the best interest factors favored
the grandmother and that the grandmother rebutted the statutory
presumption in favor of the parent, contained in MCL 722.25(1), by
clear and convincing evidence.

4. Stanley Ziny failed to support his allegation of judicial bias.

Affirmed.

1. CHILD CUSTODY — CHILDREN BORN OUT OF WEDLOCK — THIRD PERSONS.

A third person has standing to seek custody of a child where the child's biological parents have never been married to one another, the child's parent who has custody of the child dies or is missing and the other parent has not been granted legal custody under court order, and the third person is related to the child within the fifth degree by marriage, blood, or adoption (MCL 722.26c[1][b]).

2. CHILD CUSTODY — CHILD CUSTODY ACT.

The Child Custody Act is the exclusive means of pursuing child custody rights (MCL 722.21 *et seq.*).

3. CHILDREN BORN OUT OF WEDLOCK — ACKNOWLEDGMENT OF PARENTAGE ACT — PATERNITY ACT.

The Acknowledgment of Parentage Act establishes paternity, establishes the rights of the child, and supplies a basis for court-ordered child support, custody, or parenting time without further adjudication under the Paternity Act; the Acknowledgment of Parentage Act does not grant a putative father who acknowledges paternity the same legal rights as a father whose child is born in wedlock (MCL 722.711 *et seq.*, 722.1001 *et seq.*).

4. CHILD CUSTODY — BEST INTERESTS OF THE CHILD — PRESUMPTIONS — THIRD PERSONS.

The Child Custody Act mandates that a court that is hearing a child custody dispute between a parent of the child and a third person must presume that the best interests of the child are served by awarding custody to the parent unless the contrary is established by clear and convincing evidence (MCL 722.25[1]).

*Carol Jones Dwyer*, for Colleen Eldred.

*Kathryn R. McCool, P.C.* (by *Kathryn R. McCool*), for Stanley Ziny.

Before: SAAD, P.J., and FITZGERALD and O'CONNELL, JJ.

SAAD, P.J. Defendant Stanley Ziny, natural father of Harley Ziny, appeals by leave granted from the trial court's order that granted custody of Harley Ziny to her maternal grandmother, Colleen Eldred. We affirm.

I. FACTS AND PROCEEDINGS

Angela Schantz gave birth to her daughter, Harley Ziny, on December 7, 1995. Though they were not married at the time, Angela Schantz and defendant, Mr. Ziny, signed an acknowledgment of parentage the day after Harley's birth. Because Harley lived with Angela Schantz and apart from Mr. Ziny, the Barry County Prosecutor initiated a support action against Mr. Ziny on March 5, 1996. Thereafter, Barry Circuit Judge James H. Fisher entered an order directing Mr. Ziny to provide weekly support and maintenance payments for Harley's care.

As a result of an automobile accident, Angela Schantz died in November 1998. Following her mother's death, Harley lived primarily with Mr. Ziny, but regularly stayed with her maternal grandparents, including intervenor-plaintiff Colleen Eldred. On May 23, 2000, Judge Fisher granted Colleen Eldred intervenor status in the March 1996 support action and, on the same date, Colleen Eldred filed a third-party petition for custody of Harley. The Barry County Friend of the Court held a conciliation conference on May 24, 2000, and, thereafter, the circuit court entered an order that granted the father and the grandmother joint legal custody, and transferred physical custody of Harley to the grandmother, Colleen Eldred.

Mr. Ziny filed written objections to and moved to dismiss the order on June 19, 2000; he argued that Colleen Eldred lacked standing to seek custody of Harley because she did not meet the requirements of § 6c of the Child Custody Act, MCL 722.26c. Mr. Ziny also asserted that application of MCL 722.26c amounts to an unconstitutional infringement of his

parental rights pursuant to the United States Supreme Court's decision in *Troxel v Granville*, 530 US 57; 120 S Ct 2054; 147 L Ed 2d 49 (2000).

Finding that Colleen Eldred established standing, the circuit court denied Mr. Ziny's motion. Following an evidentiary hearing in July 2000, Judge Fisher found Mr. Ziny unfit to provide care and custody for Harley and issued a written opinion and order granting sole legal and physical custody of Harley to Colleen Eldred. Mr. Ziny appeals the order by leave granted.[1]

### II. ANALYSIS

#### A. A THIRD PARTY HAS STANDING TO SEEK CUSTODY OF A CHILD

Mr. Ziny erroneously argues that the trial court erred in ruling that Harley's grandmother, Colleen Eldred, had standing to maintain a third-party action for custody pursuant to the Child Custody Act.[2]

The Child Custody Act[3] provides that a third person has standing to seek custody of a child if all the following conditions are met:

(i) The child's biological parents have never been married to one another.

(ii) The child's parent who has custody of the child dies or is missing and the other parent has not been granted legal custody under court order.

---

[1] As this Court stated in its order granting leave to appeal, Mr. Ziny "did not have an appeal of right from the July 28, 2000 order because it was a postjudgment order, not a final order, and although it affected the custody of a minor it was entered in a family support action, not a divorce or paternity action. MCR 7.203(A)." Unpublished order of the Court of Appeals, entered October 13, 2000 (Docket No. 229230).

[2] MCL 722.21 *et seq.*

[3] MCL 722.26c(1)(b).

(iii) The third person is related to the child within the fifth degree by marriage, blood, or adoption.

Here, Mr. Ziny does not dispute that the child's parents were never married, nor that Colleen Eldred is related to Harley within the requisite degree. Rather, Mr. Ziny asserts that because he took custody of Harley following her mother's death, Colleen Eldred could not meet the statutory requirement of MCL 722.26c(1)(b)(ii), because Mr. Ziny was neither dead nor missing when Colleen Eldred filed her petition on April 28, 1999. This assertion is based on a flawed and incomplete reading of the statute.[4]

As the trial court observed, pursuant to the Acknowledgment of Parentage Act,[5] the mother, Angela Schantz, had legal custody of Harley when she died, thereby satisfying the first requirement of MCL 722.26c(1)(b)(ii), that the "parent *who has custody* of the child dies or is missing . . . ."[6] Mr. Ziny argues that this requirement relates to *his* taking physical custody of Harley after Angela Schantz' death and asserts that *he* must die or disappear before a third party may challenge his custodial rights. This is a misreading of the statute. The statute clearly states that the death or disappearance refers to the custodial parent, here, Angela Schantz, who had custody of Harley until she died, and the second part, referring to the "other parent," applies to Mr. Ziny, the noncustodial,

---

[4] Statutory construction and the determination whether a party has legal standing are questions of law that this Court reviews de novo. *In re Complaint of Michigan Cable Telecommunications Ass'n,* 241 Mich App 344, 360; 615 NW2d 255 (2000).

[5] MCL 722.1001 *et seq.*

[6] See MCL 722.1006 (providing that upon execution of an acknowledgment of parentage, "the mother is presumed to have custody of the minor child").

living parent. Indeed, the statute obviously applies to precisely the situation here: the custodial parent died and no order existed at the time establishing legal custody by the "other parent," Mr. Ziny.[7]

Mr. Ziny's misinterpretation also fails to give effect to the language stating that standing is proper if custody with the living parent has not been established "under court order."[8] Because no court order granting Mr. Ziny custody of Harley existed when Colleen Eldred filed her petition, the requirements of the statute were met. Accordingly, we find no error in the trial court's determination that the grandmother, Colleen Eldred, established standing to seek custody of her grandchild under MCL 722.26c(1)(b).[9]

### B. THE CHILD CUSTODY ACT, NOT THE ACKNOWLEDGMENT OF PARENTAGE ACT, ESTABLISHES MR. ZINY'S CUSTODY RIGHTS

Mr. Ziny says that the trial court erred in ruling that subsection 26c(1)(b) of the Child Custody Act does not conflict with the Acknowledgment of Parentage Act with regard to establishment of a father's custody rights. We find that the two statutes do not conflict.

---

[7] It is well established that this Court "must apply the clear and unambiguous language of a statute as written." *Gumma v D & T Constr Co*, 235 Mich App 210, 216; 597 NW2d 207 (1999).

[8] MCL 722.26c(1)(b)(ii).

[9] Mr. Ziny further argues, however, that the trial court did not have jurisdiction to award custody to a third party because no bona fide custody dispute existed. We need not review this issue because Mr. Ziny waived it by failing to raise it in his questions presented. *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000); MCR 7.212(C)(5). Nonetheless, we find Mr. Ziny's contention without merit. Colleen Eldred's petition created a bona fide dispute regarding the custody of Harley and the circuit court had jurisdiction over the matter. Further, as already discussed, we find that Colleen Eldred had standing to petition for custody under the Child Custody Act. Accordingly, Mr. Ziny's claim on this issue is without merit.

Furthermore, the Child Custody Act is the "exclusive means" of pursuing child custody rights, *Van v Zahorik*, 460 Mich 320, 328; 597 NW2d 15 (1999), whereas the Acknowledgment of Parentage Act merely establishes paternity, establishes the rights of the child, and supplies a "basis for court ordered child support, custody, or parenting time without further adjudication under the paternity act . . . ."[10]

Pursuant to the Acknowledgment of Parentage Act, a man is deemed the natural father of a child born out of wedlock if that man "joins with the mother of the child and acknowledges that child as his child by completing a form that is an acknowledgment of parentage."[11] Here, Mr. Ziny joined with Angela Schantz in signing the acknowledgment shortly after Harley's birth, and is thus presumed to be her natural father. Mr. Ziny asserts, however, that in addition to establishing him as the child's natural father, this acknowledgment affords him "the same legal rights of a father as if the child were born in lawful wedlock," and that the Child Custody Act's requirement that he take additional steps to procure a court order specifically granting him custody of his child to prevent a third party from seeking custody clearly conflicts with those rights. This contention is without merit and has no statutory support.

Mr. Ziny's claim to the full rights of a father whose child is born in wedlock appears to be premised on § 4 of the Acknowledgment of Parentage Act, MCL 722.1004. A plain reading of § 4 reveals that, contrary to Mr. Ziny's assertion, acknowledgment of paternity

---

[10] MCL 722.1004.

[11] MCL 722.1003.

under MCL 722.1003 does not afford the father the same legal rights as a father whose child is born within a marriage, but rather, as noted above, merely entitles the parties to seek custody, support, or parenting time without the need to first obtain an order of filiation under the Paternity Act, MCL 722.711 *et seq*. Although MCL 722.1004 affords the *child* the full rights of a child born in wedlock, the statute does not grant a putative father who acknowledges paternity the same legal rights as a father whose child is born in wedlock. See, e.g., *Crego v Coleman*, 463 Mich 248, 264; 615 NW2d 218 (2000). Accordingly, the trial court did not err in concluding that the statutes do not conflict regarding the establishment of Mr. Ziny's custody rights and that the Child Custody Act controls the custodial issue here.

### C. BEST INTERESTS DETERMINATION

Mr. Ziny also claims that the trial court abused its discretion in determining that awarding custody to Colleen Eldred would be in the best interests of the child. Mr. Ziny contends, incorrectly, that the trial court's findings regarding the statutory best interest factors[12] were against the great weight of the evidence. He also asserts, again incorrectly, that the court's findings evince a judicial bias in favor of Colleen Eldred.

Initially, we note that Mr. Ziny has not properly presented this issue for appellate review. In challenging the trial court's award of custody, Mr. Ziny offers only the general contention that "[a] full reading of

---

[12] MCL 722.23.

the transcript" will demonstrate that he is a "fit parent" and "excellent father." Mr. Ziny offers no citation or discussion of the testimony presented at the two-day custody hearing, or of the trial court's findings in relation to that testimony. It is well established that "[a] party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *In re Webb H Coe Marital & Residuary Trusts*, 233 Mich App 525, 537; 593 NW2d 190 (1999). Indeed, this Court need not address an issue that is given only cursory consideration by a party on appeal. *Id.*; see also *Goolsby v Detroit*, 419 Mich 651, 655, n 1; 358 NW2d 856 (1984).

Nonetheless, we find no error in the trial court's findings or decision. Above all, custody disputes are to be resolved in the child's best interests. See *Deel v Deel*, 113 Mich App 556, 559; 317 NW2d 685 (1982). Generally, a trial court determines the best interests of the child by weighing the twelve statutory factors outlined in MCL 722.23. However, in circumstances such as those presented here, where the dispute is between a parent and a third person, the court must presume that "the best interests of the child are served by awarding custody to the parent . . . unless the contrary is established by clear and convincing evidence." MCL 722.25(1).

We are mindful of the seriousness of denying to an acknowledged father the custody of his child in favor of a third party. The task must be approached with a thorough review of the record and a careful application of the evidence to the best interest factors. Our review of the record reveals that the trial court fully and conscientiously reviewed the evidence and applied the best interest factors accordingly. We are

also persuaded that the trial court properly concluded that the best interest factors clearly favored Colleen Eldred and that Colleen Eldred rebutted the presumption in favor of Mr. Ziny by clear and convincing evidence, specifically finding Mr. Ziny unfit to care for Harley.

In evaluating the best interest factors and determining the evidence regarding Mr. Ziny's unfitness as a parent, the trial court opined:

> The fact that the defendant has three felony convictions of about (10) [sic] years old would not justify such a finding of unfitness. The fact that the defendant smokes marijuana regularly would not necessarily justify such a finding. The fact that the defendant admittedly perjured himself would not justify such a finding, nor would the defendant's admitted conversion of his daughter's settlement proceeds.
>
> Putting all of this together with the other evidence, however, compels the court to find the defendant unfit, by clear and convincing evidence. He is a convicted felon who still engages in felonious activities. He stole from his own daughter, undoubtedly to pay child support for a former/current girlfriend. He lied about it under oath, and undoubtedly defrauded the Kent County Probate Court. He has had his daughter living at numerous homes, one of the more recent being the subject of a drug raid where the police found marijuana and paraphernalia in the open all over the house, and several adults and small children inside. He had marijuana in the bedroom he shared with this child and his then/current (?) girlfriend. He pulled up at the drug raid with this child in his truck, and the police found marijuana in the ashtray and on the floor.
>
> His personal life and female relationships are nothing short of chaotic. . . .
>
> It is little wonder why everyone reported that this child has a significant problem with behavior. Her life with the defendant has been very chaotic.

The court acknowledged Mr. Ziny's emotional bond with Harley, but awarded custody to Colleen Eldred after evaluating the evidence and the applicable twelve factors. The court emphasized that its finding of unfitness was based on Mr. Ziny's inability to provide Harley with adequate or appropriate housing, his failure to provide medical and dental care, the total lack of stability and permanency while Harley lived with Mr. Ziny, the unsatisfactory home environment Mr. Ziny provided, his conversion of Harley's money, and his possession and presumed consumption of marijuana in Harley's presence.

The trial court's factual findings were not against the great weight of the evidence. Indeed, the court's findings were supported by substantial and compelling evidence. Further, the trial court properly found that Colleen Eldred overcame the presumption that Harley's best interests would be served by awarding custody to Mr. Ziny by clear and convincing evidence. Colleen Eldred provided Harley with a stable, permanent home and a healthy and secure upbringing, qualities which Mr. Ziny was thoroughly unwilling or unable to provide his daughter. Indeed, Mr. Ziny offered Harley no permanent home or family, he engaged in illegal and dangerous activities in her presence, and he ultimately stole her money. We find no abuse of discretion in the court's award of custody to Colleen Eldred.

We also find that Mr. Ziny's claim of judicial bias is without merit. To establish judicial bias, Mr. Ziny must demonstrate that the trial court " 'display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible.' " See *Cain v Dep't of Corrections*, 451 Mich 470, 496; 548 NW2d 210 (1996)

(citation omitted). However, with the exception of his challenge to the ex parte order, Mr. Ziny has again failed to properly present his claim through discussion and citations of the record showing some factual basis for his assertions. *Goolsby, supra* at 655, n 1. Furthermore, our review of the record reveals that (1) the trial court considered and addressed the issues raised by the parties, (2) there was ample evidence to support the trial court's findings with regard to Mr. Ziny's criminal activity, and (3) the trial court judiciously analyzed and properly took into account Mr. Ziny's lack of character. Contrary to Mr. Ziny's allegation of bias, the record reflects that the trial court conducted the hearing fairly, and its opinion and order demonstrate a thorough and impartial consideration of the evidence.[13] Accordingly, Mr. Ziny has shown no bias and is not entitled to relief on this basis.

### D. CONSTITUTIONALITY CLAIM

Mr. Ziny says, erroneously, that the trial court erred because it failed to address his claim that the provisions of the Child Custody Act allowing for third-party custody actions are unconstitutionally vague and overbroad under *Troxel v Granville, supra.*[14] Per-

---

[13] With respect to the challenged order, Mr. Ziny has failed to show that the trial court's decision evidenced a " 'deep-seated favoritism or antagonism.' " *Cain, supra* at 496 (citation omitted). Rather, as the trial court explained, it granted the order pursuant to the local practice of referring the petition to conciliation, a mediation process, to unearth the relevant facts and to ensure fairness to the parties.

[14] We need not address whether the Supreme Court's essential findings in *Troxel* invalidate the subsection of the Child Custody Act at issue in this case because (1) Mr. Ziny did not properly present this issue for appeal and (2), most importantly, the trial court specifically found that Mr. Ziny is unfit to care for Harley and that Colleen Eldred overcame the pre-

haps Mr. Ziny and his counsel overlooked the fact that the trial court addressed this claim, both at the June 20, 2000, hearing on Mr. Ziny's motion to dismiss, and again in its July 28, 2000, written opinion.

Moreover, despite Mr. Ziny's apparent reassertion of this constitutional challenge on appeal, he abandoned the issue by failing to offer any argument in support of his challenge. See *In re Coe Trusts, supra* at 537. Rather, as he did below, Mr. Ziny merely asserts, in conclusory terms, that the statute at issue is vague, overbroad, and grossly unjust in light of *Troxel, supra.* Given the presumption of constitutionality afforded statutes,[15] and considering Mr. Ziny's failure to present any argument in support of his assertions, we decline to review his claim that the provisions of the Child Custody Act affording third persons the ability to obtain custody of a child are constitutionally infirm.[16]

Affirmed.

---

sumption that Mr. Ziny's custody would be in Harley's best interests by clear and convincing evidence. Even in light of the presumption that Mr. Ziny has a superior right to custody of this child, the facts of this case lead us to conclude that the issues raised in *Troxel* are not implicated here; the trial court found, as do we, that Mr. Ziny's criminal activities, drug use, theft of Harley's money, and his indifference to Harley's health care render him clearly unfit to parent this child.

[15] See *Crego, supra* at 260 ("statute[s] [are] presumed constitutional, and the party challenging [them] bears a heavy burden of rebutting that presumption").

[16] Mr. Ziny's request that he be granted attorney fees pursuant to MCL 722.26e is denied because he did not make the required showing under the statute.