# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD RAY FERGUSON and DIANE
FERGUSON,

Plaintiffs-Appellants,

v

JAMES D. WINES,

Defendant-Appellee.

UNPUBLISHED
March 23, 2017

No. 331014
Washtenaw Circuit Court
LC No. 15-001150-CZ

Before: BECKERING, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Plaintiffs appeal by right a December 23, 2015, circuit court order granting summary disposition in favor of defendant. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In 2014, plaintiffs were charged with a drug offense in St. Clair County. Plaintiffs hired defendant, an attorney, to represent them in the criminal matter. The parties signed a contract wherein plaintiffs agreed to pay defendant a flat fee of $2,500 for his representation through the preliminary examination and then $150 per hour thereafter. Plaintiffs were convicted in the criminal action.

After the criminal trial, defendant filed a civil action in the Sanilac District Court (73A District Court) (Case No. 15-148-GC), seeking to recover $4,675 in unpaid attorney fees incurred during the criminal trial. In the Sanilac District Court case, plaintiffs, in propria persona, filed counter-claims against defendant wherein they alleged that defendant essentially rendered ineffective assistance in the criminal case by failing to do a number of things that plaintiffs deemed vital to their defense. Plaintiffs also alleged that defendant committed perjury by lying about attending a court conference and violated the Michigan Rules of Professional Conduct (MRPC) by charging a "clearly excessive fee." Plaintiffs alleged that defendant's conduct amounted to fraud, perjury and contempt of court.

Defendant then moved for and was granted summary disposition on his claim for unpaid attorney fees and on plaintiffs' counterclaims. Specifically, the Sanilac District Court dismissed plaintiffs' counterclaims pursuant to MCR 2.116(C)(8) and granted summary disposition as to defendant's claim for attorney fees pursuant to MCR 2.116(C)(9) and (10). Subsequently, on

-1-

September 9, 2015, plaintiffs' filed a claim of appeal in the Sanilac Circuit Court, (Case No. 15-36329-AV), and on November 2, 2015, the Sanilac Circuit Court affirmed the Sanilac District Court.

On November 30, 2015, plaintiffs filed a claim of appeal in this Court; however, this Court dismissed the appeal for lack of jurisdiction because the order was not appealable as a matter of right and because the appeal was not timely filed within 21 days. *Wines v Ferguson*, unpublished order of the Court of Appeals, entered December 23, 2015 (Docket No. 330449). In the order, this Court noted that plaintiffs could seek leave to appeal by filing a delayed application for leave to appeal under MCR 7.205(G); however, plaintiffs did not file a delayed application for leave to appeal.

After the Sanilac Circuit Court affirmed the District Court, but before plaintiffs appealed that order in this Court, on November 13, 2015, plaintiffs, in propria pesona, commenced this suit in the Washtenaw Circuit Court seeking $1.5 million in damages. Plaintiffs alleged that the Washtenaw Circuit Court had jurisdiction because their contract with defendant was signed in Washtenaw County. Plaintiffs alleged that defendant signed a contract related to the legal representation in the criminal proceeding wherein defendant agreed that plaintiffs could pay the attorney fees "over time," and could make payments as they were able. Plaintiffs alleged that defendant "slandered" plaintiffs at the criminal trial and breached the contract by filing the prior lawsuit to recover attorney fees. Plaintiffs also alleged that defendant signed the contract despite having "no knowledge" of the Michigan Medical Marijuana Act (MMMA). Specifically, plaintiffs alleged the following claims, all of which were based on defendant's legal representation during the criminal proceeding: fraud, racketeering, professional negligence "and/or" malpractice, slander, violation of the MRPC, malicious prosecution, and violation of the "fair debt collection practices act." Plaintiffs alleged that they were entitled to $1.5 million in damages.

In their complaint, plaintiffs included a paragraph entitled "Lawful Authority," underneath which plaintiffs stated: "Proverbs 6.31 of the King James Version HOLY BIBLE states: 'But if he be found, he shall restore sevenfold; he shall give all the substance of his house.'" Plaintiffs also included a paragraph in the complaint entitled "Lawful Maxims," wherein they defined different words such as "fraud" to include "Once a Fraud always a Fraud."

On November 19, 2015, in lieu of filing an answer, defendant moved for summary disposition pursuant to MCR 2.116(C)(6) and MCR 2.116(C)(10). Defendant argued that plaintiffs previously alleged similar claims in the Sanilac District Court and that all claims raised in this case arose out of the same transaction and therefore were barred under the compulsory joinder requirements set forth in MCR 2.203(A) and were barred by res judicata. Defendant requested sanctions against plaintiffs for filing a frivolous action.

Plaintiffs responded, raising multiple arguments including an argument that defendant's motion for summary disposition should be rejected because defendant: used "improper English," numbered paragraphs "that are singular," failed to cite a "form of relief," and improperly used a "Certificate of Service," in violation of MCR 5.114(B)(1). Plaintiffs included a paragraph entitled "Lawful Civil Maxims," wherein plaintiffs asserted, among other things, that "He who

acts fraudulently acts in vain," "The greatest enemies to peace are force and wrong," "Malice is sour; it is the quality of a bad mind," and "False in one thing, false in everything."

On December 23, 2015, in a written order, the Washtenaw Circuit Court indicated that it had reviewed the filings, concluded that oral arguments were unnecessary, and granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). This appeal ensued.

## II. ANALYSIS

On appeal, plaintiffs argue that defendant's motion for summary disposition and defendant's response to plaintiffs' reply should not have been considered because the documents "violates multiple Michigan Court Rules causing them to not hold any authoritative power." Plaintiffs also argue that the trial court erred when it considered an unpublished opinion of this Court that defendant attached to his motion. Finally, plaintiffs argued that the trial court erred when it rejected a motion plaintiffs filed on December 14, 2015, for failure to pay the proper filing fee. Plaintiffs contend that the fees were waived.

Initially, we note that plaintiffs have failed to develop cogent legal arguments and failed to cite any legal authority in support of their positions. "An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). Plaintiffs' cursory treatment of the issues constitutes abandonment of their arguments on appeal. See *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001) ("[T]his Court need not address an issue that is given only cursory consideration by a party on appeal.") Nevertheless, we have addressed the issues raised by plaintiffs to the extent we can decipher a legal argument.

We review de novo a trial court's decision whether to grant a motion for summary disposition. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Summary disposition is proper under MCR 2.116(C)(8) where the alleged claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*.

The trial court did not err in granting summary disposition in favor of defendant. MCR 2.203(A) governs the compulsory joinder of claims and it provides in relevant part as follows:

> In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

In this case, plaintiffs' claims arose from defendant's legal representation that he provided in the criminal proceeding. The case in the Sanilac District Court involved a dispute over the same legal representation. Therefore, plaintiffs were required to raise all of their claims involving this transaction in the Sanilac District Court and they were barred from raising claims

arising from that transaction in this case. MCR 2.203(A). Moreover, the action in the Sanilac District Court was decided on the merits, the matter in this case could have been resolved in the district court case, and both actions involve the same parties. Accordingly, plaintiffs' claims are barred by the doctrine of res judicata. *Bd of Cty Rd Comm'rs for Cty of Eaton v Schultz*, 205 Mich App 371, 375-376; 521 NW2d 847 (1994).

Plaintiffs appear to argue[1] that defendant's response to plaintiffs' "notice for summary disposition"—which was submitted in reply to defendant's motion for summary disposition— violated the Court Rules "for not having a heading with one or more of the following words 'CLAIM,' and/or 'RELIEF' or 'ORDER' pursuant to MCR 2.116(C)(9) and MCR 2.119(A)(1)(c). . . ." These arguments lack merit.

In this case, defendant did not move for summary disposition under MCR 2.116(C)(9); therefore, that rule is inapplicable. With respect to MCR 2.119(A)(1)(c), that rule provides that when filing a motion a party must "state the relief or order sought. . . ." Here, defendant filed a motion for summary disposition that was titled "Verified Motion for Summary Disposition;" accordingly, defendant stated the relief or order that he sought in accord with MCR 2.119(A)(1)(c).

Plaintiffs argue that the circuit court erred in considering an unpublished appellate court opinion. First, there is no indication that the court considered the opinion. Second, even if the court did consider the opinion, although unpublished opinions are not binding precedent, an unpublished opinion may be relied upon for its persuasive or instructive reasoning. MCR 7.215(C)(1); *In re Kanija*, 308 Mich App 660, 668 n 6; 866 NW2d 862 (2014).

Finally, plaintiffs contend that the circuit court erred when it rejected a motion plaintiffs filed on December 14, 2015 for plaintiffs' failure to pay the applicable filing fee. Plaintiffs contend that they are indigent and fees were waived. However, the record indicates that plaintiffs' filed their own motion for summary disposition in response to defendant's motion for summary disposition and the circuit court indicated that it considered the parties' motions. Thus, the record supports that the circuit court considered plaintiffs' arguments, rejected those arguments, and granted defendant's motion for summary disposition. Plaintiffs fail to articulate what arguments they would have raised in their rejected motion that would have made any difference in the lower court. As noted above, the circuit court did not err in granting defendant's motion for summary disposition. Plaintiffs fail to articulate any legal basis on which the circuit court erred in granting the motion. Accordingly, to the extent the circuit court rejected plaintiffs' attempts to file a motion, plaintiffs have not shown that they were denied due process where defendant was entitled to summary disposition on the merits.

---

[1] All of plaintiffs' arguments are set forth in the statement of facts section of their appellate brief; this does not comply with the Michigan Court Rules governing the form and content requirements for an appellant's brief. See generally MCR 7.111(B); MCR 7.212(C).

Affirmed.  Defendant having prevailed, may tax costs.  MCR 7.219(A).


/s/ Jane M. Beckering
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello