# STATE OF MICHIGAN

# COURT OF APPEALS

---

NICOLE THERESE LANKER,

Plaintiff-Appellant,

v

JAMES HULON OYLER,

Defendant-Appellee.

UNPUBLISHED
May 22, 2018

Nos. 341530; 341550
Washtenaw Circuit Court
LC No. 15-000474-DS

---

Before: MURRAY, C.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

In these consolidated appeals,[1] plaintiff appeals by right the trial court's order regarding preschool placement of the parties' minor son and the trial court's order adopting the Friend of the Court (FOC) recommendation increasing defendant's parenting time. We vacate both of the trial court's orders and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant share joint legal custody of their child, and plaintiff has primary physical custody, under a consent order entered in 2016. Defendant's parenting time was originally limited to overnights every other weekend. The parties were not able to agree on where the child would attend preschool, although both agreed generally that the child should attend preschool. The issue regarding the child's parenting time was first raised during a hearing on numerous issues related to the consent order. At the hearing, defendant maintained that the joint legal custody arrangement had been violated by plaintiff's refusal to discuss the child's preschool placement. The trial court ordered that the parties continue to try to resolve the issue on their own, and that if they were not able to do so, the trial court would then decide the issue. The trial court did not hold an evidentiary hearing or analyze how the parties' proposals for preschool affected the best interests of the child.

---

[1] See *Lanker v Oyler*, unpublished order of the Court of Appeals, issued January 10, 2018 (Docket Nos. 341530, 341550).

The 2016 consent order for custody, parenting time, and child support also provided for automatic referral to the FOC in 2017 regarding possible expansion of defendant's parenting time. This referral occurred while the parties were still attempting to resolve the preschool issue. After interviewing the parties, the FOC evaluator issued a recommendation on October 25, 2017.[2] The evaluator recommended increasing defendant's parenting time to every Monday and Tuesday overnight and alternating every other Friday, Saturday, and Sunday overnight.

The parties were not able to resolve the preschool issue. The trial court issued an order on October 31, 2017 that outlined a first, second, and third choice of preschools for the child's placement. The order also stated that the child was to attend "full days of preschool (ie.[sic] 8:00/8:30 a.m. to 3:30/4:00 p.m.) at least four days per week (ie.[sic] Monday through Thursday). If Friday preschool is available, [the child] shall attend a full day on Friday." The trial court denied plaintiff's motion for reconsideration of its order.

On November 29, 2017, the trial court issued an interim order adopting the FOC recommendation and expanding defendant's parenting time. The trial court's order stated that "[t]he October 25, 2017 FOC Recommendation does not make a custody recommendation" and noted that a custody evaluation was still being conducted.

Plaintiff appealed both orders.[3]

## II. ORDER FOR PRESCHOOL PLACEMENT

With regard to the trial court's order concerning preschool placement, plaintiff argues that the trial court erred by issuing the order without conducting an evidentiary hearing, making findings of fact, or analyzing the best-interest factors. We agree.

"Under the Child Custody Act, . . . all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

---

[2] The FOC recommendation followed a joint interview of the parties by an FOC evaluator, rather than a hearing before an FOC referee.

[3] We reject defendant's jurisdictional challenges to plaintiff's appeal of the trial court's October 31, 2017 order. Plaintiff's appeal is not a collateral attack on an earlier ruling of the trial court from which she failed to take an appeal; although the trial court made oral rulings on September 21, 2017, the first written order on this issue was issued on October 31, 2017; a trial court speaks through its written orders and not its oral pronouncements. *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). Further, although we make no determination on the record before us, the order arguably affected the custody of a minor child, and defendant does not argue otherwise. MCR 7.202(6)(a)(*iii*). We further conclude that defendant's jurisdictional challenge to plaintiff's appeal of the trial court's November 29, 2017 order is also without merit, as the FOC recommendation had the effect of a change in custody. *Id*.

*Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010); MCL 722.28. Under this standard, we may not substitute our judgment on questions of fact unless the factual determination "clearly preponderates in the opposite direction." *Id*. (quotation marks, brackets, and citation omitted).

The Child Custody Act, MCL 722.21 *et seq*., applies to all child custody disputes in the circuit court, whether original or incidental to other actions. See *Pierron*, 486 Mich at 85. When parents with joint legal custody cannot agree on an important decision, such as where the child will attend school, the trial court must resolve the issue in the best interests of the child. See *id*. When resolving "an important decision affecting the welfare of the child, the trial court must first determine whether the proposed change would modify the established custodial environment of that child." *Id*. at 92.

> If the proposed change would modify the established custodial environment of the child, then the burden is on the parent proposing the change to establish, by clear and convincing evidence, that the change is in the child's best interests. Under such circumstances, the trial court must consider all the best-interest factors because a case in which the proposed change would modify the custodial environment is essentially a change-of-custody case. On the other hand, if the proposed change would not modify the established custodial environment of the child, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests. [*Id*. at 92-93.]

Further, in making its best-interest determination, the trial court must use the best-interest factors identified in MCL 722.23. See *id*. at 90.

In this case, the parties shared joint legal custody. Both parties agreed that the child should attend preschool. However, the parties did not agree on where the child should attend preschool. Therefore, it fell to the trial court to resolve the issue. See *id*. at 85. In so doing, the trial court was required to resolve the issue in the child's best interests, using the best-interest factors identified in MCL 722.23. See *id*. at 85, 90. However, the trial court's order regarding preschool placement merely stated, "The parties were unable to agree on preschool placement . . . . As a result, the parties are to do the following." The trial court did not hold a hearing to analyze the best-interest factors. In fact, there is no indication in the record that the trial court in this case considered any of the best-interest factors, whether during a hearing or on its own. Additionally, choice of school is "an important decision affecting the welfare of the child." *Id*. at 92. Therefore, the trial court was required to determine "whether the proposed change would modify the established custodial environment of that child." *Id*. There is no indication from the hearing or the trial court's order that it made such a determination.

We conclude that the trial court was required to first determine whether resolution of the preschool issue would modify the child's established custodial environment in order to determine the appropriate evidentiary standard to employ. See *Pierron*, 486 Mich at 92. Even if such a resolution would not alter the established custodial environment, the trial court was still required to conduct a best-interest analysis using the statutory best-interest factors. *Id*. at 92-93. Because there is no evidence on the record that the trial court made any factual findings regarding a

change in the established custodial environment or the child's best interests, we conclude that the trial court committed reversible error. Therefore, we vacate the trial court's October 30, 2017 order regarding preschool placement and remand to the trial court for further proceedings consistent with this opinion.

## III. CHANGE IN PARENTING TIME

Plaintiff next argues that the trial court's order adopting the FOC recommendation regarding defendant's parenting time amounted to a change in custody, and that the trial court therefore erred by not following the appropriate framework before issuing its order. We agree.

"[I]f a change in parenting time results in a change in the established custodial environment, then the *Vodvarka* framework is appropriate." *Lieberman v Orr*, 319 Mich App 68, 83; 900 NW2d 130 (2017). A parent having primary physical custody typically has an established custodial environment with the child. See *id*. at 85. The trial court "shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest[s] of the child." MCL 722.27(1)(c). The trial court must determine the best interests of the child by weighing the statutory factors outlined in MCL 722.23. See *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001).

Under the *Vodvarka* framework, "[A] party seeking a change in custody [must] first establish proper cause or a change in circumstances . . . ." *Vodvarka v Grasmeyer*, 259 Mich App 499, 508; 675 NW2d 847 (2003). "The movant . . . has the burden of proving by a preponderance of the evidence that either proper cause or a change of circumstances exists *before* the trial court can consider whether an established custodial environment exists . . . and conduct a review of the best[-]interest factors." *Id*. at 509. "If the movant seeking to change custody or parenting time successfully establishes proper cause or a change of circumstances under the applicable legal framework, the trial court must then evaluate whether the proposed change is in the best interests of the child by analyzing the appropriate best-interest factors." *Lieberman*, 319 Mich App at 83.

As a threshold issue, defendant argues that plaintiff failed to adequately object to the FOC recommendation within 21 days, as required by the trial court, and that plaintiff therefore has waived any challenge to "procedural" issues surrounding the trial court's adoption of the recommendation, such as the lack of an evidentiary hearing. We note that plaintiff filed her objection within 21 days, but did not serve the objections upon defendant or schedule a hearing within that time period. Nonetheless, the trial court treated plaintiff's objections as timely. We see no reason to determine whether plaintiff's objections were in fact timely (or timely served) when (1) the trial court did not rely on any purported "waiver" by plaintiff in rendering its decision and (2) the trial court failed to follow the appropriate substantive framework for a change of custody under the Child Custody Act, the primary goal of which is to "secure custody decisions that are in the best interests of the child." See MCL 722.27(1)(c); see also *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994). Regardless of whether plaintiff waived certain procedural protections, "[t]he state's in interest in child protection cannot be reduced merely to providing expedient proceedings." *Fletcher*, 471 Mich at 889. See also, *Harvey v Harvey*, 470 Mich 186; 680 NW2d 835 (2004) (holding that the trial court must "determine

-4-

independently what custodial placement is in the best interests of the children" notwithstanding an earlier FOC recommendation following an evidentiary hearing before an FOC referee).

In this case, plaintiff had primary physical custody. The trial court's order adopting the FOC recommendation altered the parties' parenting times by about 100 overnights per year. We conclude that such an alteration of parenting time had the effect of a change in custody. See *id.* at 85-86 (concluding that a change in parenting time by 85 overnights per year resulted in a change in primary custody). Because defendant's change in parenting time had the effect of a change in custody, the trial court was required to adhere to the *Vodvarka* framework and determine whether proper cause or a change of circumstances existed that warranted modification of the custody arrangement *before* considering the child's established custodial environment and *before* analyzing the best-interest factors. *Id.* at 84; *Vodvarka*, 259 Mich App at 509. However, there is no indication in the record that the trial court adhered to the *Vodvarka* framework before adopting the FOC recommendation.

Because the trial court failed to adhere to the *Vodvarka* framework before issuing an order that had the effect of a change of custody, we conclude that the trial court committed error requiring reversal. See *Lieberman*, 319 Mich App at 86-87 ("Even if we were to accept [the] plaintiff's characterization of his motion as one simply to modify parenting time and change schools, we nevertheless would hold that the trial court committed error requiring reversal . . . by not analyzing the motion under the applicable legal framework set forth in *Vodvarka*.").[4]

Accordingly, we vacate the trial court's November 29, 2017 order adopting the FOC recommendation, and we remand to the trial court for further proceedings consistent with this opinion.

Vacated and remanded for further proceedings. We do not retain jurisdiction.


/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[4] Defendant cursorily asserts, without citation to authority, that the parties' agreement in the judgment of divorce to revisit parenting time issues in the "spring of 2017" constitutes sufficient proper cause or change of circumstances for revisiting the custody order. We disagree. Although the parties may have agreed in 2016 that the trial court should *consider* whether custody or parenting time should be altered in 2017, we see no evidence that they agreed to waive the application of the *Vodvarka* factors, even assuming that such a waiver would be valid. The FOC issued a recommendation that would have had the effect of changing custody. Plaintiff objected. We see no reason why the *Vodvarka* framework should not apply to this situation despite the technical lack of a "movant" and "nonmovant" when the parties assumed equivalent adversarial positions before the trial court. See *Vodvarka*, 259 Mich App at 508-509 (referring to the "movant's" burden of establishing proper cause or change of circumstances).

-5-