*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER ANN WAGNER,

        Plaintiff-Appellant,

v

RICHARD ALLEN REBBIE, JR.,

        Defendant-Appellee.

UNPUBLISHED
April 30, 2019

No. 346754
Menominee Circuit Court
LC No. 06-011848-DP

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order denying her motion for a change in legal custody of the parties' minor child. Because plaintiff failed to establish a proper cause or change in circumstances sufficient to consider a change in custody, we affirm.

In August 2017, the trial court granted sole legal custody to defendant, while maintaining equal parenting time between the parties, after the parties had a dispute about the medical treatment being provided to their then 10-year-old daughter. On March 1, 2018, plaintiff filed a motion to modify legal custody. The trial court denied the motion, finding that the grounds presented to the court were insufficient to establish either a proper cause or a change in circumstances to conduct an evidentiary hearing regarding the change of custody.

On appeal, plaintiff argues that the trial court erred in holding that she had not alleged facts to establish proper cause or a change in circumstances sufficient to consider a custody change and abused its discretion in denying plaintiff the opportunity to present evidence at an evidentiary hearing. We disagree.

"This Court reviews a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard," meaning that "this Court defers to the trial court's findings of fact" unless they "clearly preponderate in the opposite direction." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009) (citation and quotation marks omitted). The "abuse of discretion standard applies to the trial court's discretionary rulings." *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003). An abuse of discretion exists in this context when the result is

"so palpably and grossly violative of fact and logic that it evidences . . . [a] perversity of will," a defiance of judgment, or the exercise of passion or bias. *Shulick v Richards*, 273 Mich App 320, 323-325; 729 NW2d 533 (2006), quoting *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959). All custody orders must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court "committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." MCL 722.28; *Fletcher v Fletcher*, 447 Mich 871, 876-877 (Brickley, J.); 526 NW2d 889 (1994); *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008).

"The Child Custody Act of 1970, MCL 722.21 *et seq*., governs child custody disputes between parents, agencies or third parties." *Booth v Booth*, 194 Mich App 284, 292; 486 NW2d 116 (1992). The purpose of the Act is to promote the best interests of the child, and it is to be liberally construed. MCL 722.26(1); *Harvey v Harvey*, 470 Mich 186, 192; 680 NW2d 835 (2004). The Act creates presumptions and standards by which competing custody claims are to be judged and sets forth the procedures and forms of relief available. *McGuffin v Overton*, 214 Mich App 95, 100; 542 NW2d 288 (1995). On the petition of either parent, "the court may revise and alter a judgment concerning the care, custody, maintenance, and support of some or all of the children, as the circumstances of the parents and the benefit of the children require." MCL 552.17(1); *Lemmen v Lemmen*, 481 Mich 164, 166; 749 NW2d 255 (2008).

In August 2017, the trial court awarded defendant sole legal custody of the parties' minor child while continuing equal parenting time. The trial court evaluated the child custody factors and determined that the child custody factors of the capacity to provide medical care and the school record of the child favored defendant.[1] On August 25, 2017, and again on March 1, 2018,

---

[1] "Above all, custody disputes are to be resolved in the child's best interests," as measured by the factors set forth in MCL 722.23. *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001). The factors are:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

plaintiff filed motions to modify legal custody. The party seeking a change of custody must first establish by a preponderance of evidence proper cause or a change of circumstances that would warrant revisiting the custody decision. *Griffin v Griffin*, 323 Mich App 110, 118; 916 NW2d 292 (2018), *In re AP*, 283 Mich App 574, 600; 770 NW2d 403 (2009). If a party fails to establish proper cause or change of circumstances, the trial court "may not hold a child custody hearing." *Corporan*, 282 Mich App at 603-604. This threshold requirement to changing custody is intended as "a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Vodvarka*, 259 Mich App at 509 (quotation marks and citation omitted).

The threshold consideration of whether there is proper cause or a change of circumstances is a factual determination that must be decided on a case-by-case basis. *Vodvarka*, 259 Mich App at 512. "[P]roper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Id.* at 511. Similarly, in order to demonstrate a change of circumstances, "a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513. The trial court should rely on the best-interest factors set forth in the Child Custody Act to determine whether the alleged facts are "of such magnitude to have a significant effect on the child's well-being." *Id*. at 512.

In her motion, plaintiff alleged that a change in circumstances warranting a change in custody was that defendant had transferred their child to a different school and that this was a significant event in the child's life, given the child's need for special assistance. However, she has not alleged or demonstrated that the child would not receive special services at the new school. Plaintiff also claimed that the change created an inconvenience in that she had to

---

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents . . . .

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(l) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23.]

transport the child to school, and that it created a change in the established custodial environment. However, plaintiff did not allege any facts in her motion that demonstrated a change in the child's custodial environment[2], which the trial court determined was with both parties. Plaintiff also failed to demonstrate that her equal parenting time was affected by the change in schools. Additionally, although plaintiff alleged that it is more difficult for her to transport the child to and from her new school, this inconvenience rested primarily on plaintiff, rather than having a significant impact on the child's well being. There is no evidence of how a change in the transportation schedule had a significant effect on the child's well being. As the trial court noted, the parties had been transporting their child between their residences in separate towns and the child's school and this would remain the case no matter which school the child attended.

Plaintiff further alleged that the child's grades dropped after the change in schools. She asserted that the child was receiving below average grades, as reflected in "school records provided," but provided no records. It is noted that a psychologist had previously indicated that the child was performing in the "low average to average range" at her old school. That she struggled academically, if accurate,[3] was thus not a change. And, plaintiff filed her motion to change custody only six months following the order granting sole legal custody to defendant, leaving little time for changes of any magnitude to manifest. Although defendant had indicated before he was awarded sole legal custody that he would continue the child at her former school, defendant explained that he changed schools because there were many changes at her old school, including the child's special education teacher and an aunt leaving the school, and electives not being offered, which would eventually require bussing to a different district in order for the child to graduate.

Significantly, the trial court concluded that there was nothing in plaintiff's motion that would change its previous determination of the best interest factors. As the sole legal custodian of the child, defendant was empowered to weigh the educational setting and determine the child's best option for schooling. Plaintiff's assertions do not establish that the choice to attend a different school had "a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken," or that "the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Vodvarka*, 259 Mich App at 511, 513.

Plaintiff alleged several other changes which she contends constituted a proper cause or change in circumstances. These included that defendant withdrew the child from the counseling she had been receiving, cancelled appointments with physicians, changed the child's dentist and primary care physician, and had his wife attend the child's medical appointments. Further, she

---

[2] An established custodial environment is a physical and emotional connection of significant duration, where the relationship between the custodian and child is marked by security, stability, and permanence. *Baker v Baker*, 411 Mich 567, 579-580; 309 NW2d 532 (1981).

[3] We note that a current teacher indicated that the child's academics had improved since the beginning of the school year.

alleged that the child continued to have nightmares and physical issues. Defendant responded by noting that the child had continued her therapy but the appointment times were changed to times that the child was at his home. He explained that the child then completed the therapy and was seeing the school counselor once or twice a month and would have a new counselor in the summer months. Defendant stated that the child continued receiving medical treatment from a pediatrician who had been treating her since at least December of 2015, noting that this physician would no longer allow plaintiff to attend appointments because she had surreptitiously recorded them.

Health care decisions certainly can significantly affect the well-being of a child. However, plaintiff and defendant have historically disagreed on whether medication prescribed for the child was helpful. Thus, the parties' disagreement regarding the child's health care was not a change of circumstance. During the previous custody hearing, the trial court found proper cause to consider a change in custody based on plaintiff not administering prescribed medication to the child, and granted sole legal custody to defendant in part based on plaintiff's lack of capacity to provide medical care to the child. Considering plaintiff's motion to revert back to joint legal custody, the trial court noted that defendant was authorized to make the child's health care determinations and concluded that nothing was alleged by plaintiff to suggest that the decisions made were not in the child's best interests. We agree that, as the sole legal custodian, defendant was authorized to make health care decisions for the child, and none of plaintiff's assertions regarding defendant's health care decisions suggest that they resulted in a new, substantial effect on the well-being of the child. Thus, the trial court did not abuse its discretion in concluding that plaintiff did not demonstrate proper cause or a change in circumstances necessary to consider a change in custody.

Next, plaintiff argues that the trial court should have allowed an offer of proof beyond the pleadings of the parties in order to determine whether proper cause or a change in circumstances existed. MCR 3.210(C)(8) provides:

> In deciding whether an evidentiary hearing is necessary with regard to a postjudgment motion to change custody, the court must determine, by requiring an offer of proof *or otherwise*, whether there are contested factual issues that must be resolved in order for the court to make an informed decision on the motion. [Emphasis added.]

The plain language of MCR 3.210(C)(8) permits a trial court to determine whether to have an evidentiary hearing based on information that is not necessarily an offer of proof. The court rule does not demand that the trial court consider an offer of proof, but permits a determination based on information other than the offer of proof.

Here, the trial court stated that it relied on the pleadings and previous hearings, and discussed each of plaintiff's alleged changes in circumstance in the opinion. It is not always necessary to hold an evidentiary hearing to determine the existence of proper cause or a change in circumstances because, "[o]ften times, the facts alleged to constitute proper cause or a change of circumstances will be undisputed, or the court can accept as true the facts allegedly comprising proper cause or a change of circumstances, and then decide if they are legally sufficient to satisfy the standard." *Vodvarka*, 259 Mich App at 512. The trial court did not

-5-

dispute plaintiff's allegations, but determined that the facts as alleged were insufficient as a demonstration of proper cause or a change in circumstances, as it was permitted to do. Thus, the trial court did not abuse its discretion in failing to seek additional proofs.

Affirmed.


/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens